429 A.2d 724

**NARROWSBURG LUMBER CO., INC.,**

v.

**William HOPKINS, Jr. and Eleanor Hopkins, his wife, Appellants.**

Superior Court of Pennsylvania.

Submitted March 20, 1980.

Filed May 15, 1981.

Stephen G. Bresset, Honesdale, for appellants.

David M. Boyd, Honesdale, for appellee.

Before PRICE, CAVANAUGH and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from the order of the Court of Common Pleas of Wayne County, by the defendants-appellants, William Hopkins, Jr. and Eleanor Hopkins, his wife, which refused to open or strike a judgment entered against them via a judgment note, containing a warrant of attorney.

The defendants were engaged in the home construction business as the sole stockholders of Hopkins Construction Company. The plaintiff was a supplier of building materials from which the defendants would purchase materials on account. In September of 1975, the defendants had fallen behind in their account with Plaintiff and had made no payments to the plaintiff for many months. The amount owed by the defendants to the plaintiff at that time was $22,978.52.

In order to recover the debt, the plaintiff wrote the defendants a letter explaining to them that no further

materials or supplies would be provided to them on account unless they executed a judgment note in the amount of $15,000. Plaintiff's attorney prepared the note and an employee of the defendants' took it to William Hopkins for execution. Hopkins then took the note to his wife. Both signed the note and they returned it to the plaintiff which recorded it on October 6, 1975. Plaintiff then continued to extend credit to the defendants until October of 1977 when the amount due by the defendants to the plaintiff amounted to approximately $53,700.00.

On September 18, 1978, the defendants filed a petition to open and/or strike the judgment held by the plaintiff. After a hearing the court below denied defendants' petition. The defendants then took this appeal.

■ On appeal, the defendants' allegation consists of question of credibility resolved in plaintiff's favor by the court below after hearing. The defendants allege that the plaintiff fraudulently altered the note after they signed it. However, the court below found that the only change made by plaintiff in the note after the defendants signed it was the addition of the date. The note had been dated "September, 1975" when it was signed by the plaintiffs and the date "September 26, 1975" was added to the note. The court found that the insertion of the figure "thirty" after September did not materially alter the note and did not constitute fraud nor misrepresentation on the plaintiff's part. The court also found that the instant transaction was not a consumer transaction but was a business transaction. The evidence produced at the hearing supports the court's findings. Since the transaction was not a consumer transaction the various issues raised by the defendants pertaining to such transactions have no applicability to the instant case.

■ Defendants also claim that the court below erred when it refused to open the judgment because defendants claimed that plaintiff represented to them that the judgment would not constitute a recorded lien on their residence when, in fact, plaintiff recorded the judgment several days after it was signed. However, plaintiff's testimony contradicted this assertion. The letter which plaintiff wrote to the

defendants informed the defendants that a lien would be placed on their residence. Plaintiff's testimony also contradicted the defendants' assertion that plaintiff's employee told the defendants that the note would not be recorded. This matter of credibility was resolved in plaintiff's favor by the court below and does not constitute grounds for reversal of the court's decision.

Finally, the defendants' allege that the note should have been satisfied because it had been paid by the defendants in full. This allegation is not supported by the record. Defendants' own testimony reveals that they never brought their account up to date. Plaintiff's testimony reveals that the defendants owe it $53,700 and the note itself establishes that its purpose was to secure their debt and act as a line of credit for the purchase of materials and supplies from plaintiff. A judgment will be stricken only for irregularities which appear on the face of the record. *Malakoff v. Zambar*, 446 Pa. 503, 288 A.2d 819 (1972). Because no such irregularities are present in the instant case and because the court below decided defendants' allegations of fraud and misrepresentation against the defendants, which findings are supported by the record, we affirm the decision of the court below.

Order affirmed.