443 A.2d 320

**CLUSTER HOUSE, INC., Appellant,**

v.

**Sherman L. REID.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1979.

Filed March 12, 1982.

Germaine Ingram, Philadelphia, for appellant.

Joseph P. Lynch, Norristown, for appellee.

104

Before SPAETH, CAVANAUGH and O'KICKI, JJ.*

O'KICKI, Judge:

The issue in this case is whether the Trial Court abused its discretion in ordering a default judgment to be opened. Appellant, Cluster House, Inc., a not-for-profit corporation, leased a home from Reid's predecessor. Lessee deposited $380 as security for the use of the premises.

Lessee, after vacating the premises, filed suit in assumpsit before a District Justice of the Peace for the return of the security deposit, damages for retention of the security deposit and unpaid rent.

After a lengthy and extensive hearing, judgment was entered for Lessee. Lessor appealed. Lessee filed its Complaint; approximately 27 days thereafter, Lessee filed its praecipe for judgment for failure of the Lessor to answer within 20 days.

■ A petition to open a default judgment is an appeal to the equitable discretion of the court and should be exercised only when three factors coalesce:

1. The petition to open must be filed promptly.
2. The failure to appear or file a timely answer must be excused;
3. The party seeking to open the judgment must show a meritorious defense; *Ruggiero v. Phillips*, 250 Pa.Super. 349, 378 A.2d 971 (1977).

■ In the case at bar, Lessor did file a timely petition to open judgment. The default judgment was entered July 24, 1978, and the petition to open was filed seven days later, July 31, 1978. See: *Quaker Transit Company, Inc. v. Jack W. Blumenfeld and Company*, 277 Pa.Super. 393, 419 A.2d 1202 (1980), in which a petition to open judgment filed fourteen days after entry of the default judgment was held to be timely filed.

* President Judge JOSEPH F. O'KICKI, of the Court of Common Pleas of Cambria County, Pennsylvania, is sitting by designation.

Did Lessor-Appellee set forth a reasonable explanation for failure to file an Answer within the required twenty-day period? Some confusion exists in the case at bar concerning communications between the attorneys. The briefs of both counsel indicate that Appellant-Lessee was represented by three or four different attorneys during these proceedings.

However, considering all of the circumstances, it is reasonable to assume the Court below, in exercising its equitable discretion, may have determined that the confusion surrounding the case concerning attorney representation was a sufficient excuse to permit opening of the default judgment. See: *Johnson v. Yellow Cab Company of Philadelphia*, 226 Pa.Super. 270, 272, 307 A.2d 423, 424 (1973) wherein it was stated:

> Errors of counsel . . . or clerical error, which indicate an oversight rather than a deliberate decision not to defend, have been held to constitute sufficient legal justification to open a default judgment.

Further, as stated in *Ruggiero*, supra, 250 Pa.Superior Ct. at 354–355, 378 A.2d 971 quoting from *Silverman v. Polis*, 230 Pa.Super. 366, 370, 326 A.2d 452, 454 (1974):

> One very frequent element in the sets of circumstances of cases where a default judgment has been upheld is notice to opposing counsel of the intent to enter a default judgment. Conversely, the lack of such notice is frequently singled out as an important factor justifying the opening of a default judgment.

It is admitted by counsel for Appellant-Lessee and the Trial Court found that, "It is a matter of custom and professional courtesy among the attorneys who practice before this Court that default judgments will not be entered without notice to opposing counsel." (Opinion, p. 3; Reproduced Record p. A–5). This professionalism is patently apparent in this case where the parties had been litigating, corresponding and hopefully engaging in rational settlement negotiations.

The third element necessary to open a default defense requires the petitioner to show a meritorious defense. The

record proves that the Appellee met his obligation under 68 P.S. § 250.512. The deposition of the Vice-president of the Board of Cluster House, Inc., states at p. 6:

> Q: There is no question in your mind, is there, that a claim of damages was received from Mr. Reid within thirty days after termination of his lease?
>
> A: No, there is no question in my mind.

The length of litigation, the dispute concerning physical damages, and the preliminary encounter at the District Justice hearing—clearly indicated that a meritorious defense exists—though not proved.

The Trial Court did not abuse its discretion or commit any error of law. Its opinion supports the profession of law, not necessarily the sharp business of law.

Affirmed.

SPAETH and CAVANAUGH, JJ., concur in the result.