458 A.2d 1002

**ACADEMY HOUSE COUNCIL**

v.

**Leslie PHILLIPS a/k/a Ralph Plotkin and Tamara Plotkin.**

**Appeal of Leslie PHILLIPS a/k/a Ralph Plotkin.**

Superior Court of Pennsylvania.

Argued June 4, 1982.

Filed April 8, 1983.

Leslie R. Phillips, Philadelphia, appellant, in pro. per.
James Tracey, III, Philadelphia, for appellee.

Before HESTER, CIRILLO and JOHNSON, JJ.

JOHNSON, Judge:

The orders from which these appeals were taken denied a defendant's petition to strike default judgments which had been entered against her.

For the sake of clarity we shall deal with the appeals separately. Both cases, however, involve the same background, parties and facts. The defendants [hereinafter Leslie and Tamara] are co-tenants of a condominium unit. The plaintiff is the elected management group for the condominium apartment building. The action is over the monthly assessments allegedly owed by the defendants to the plaintiff. The first case was brought to collect the assessments from April to December 1979. The second case was brought to collect the assessments from January to December 1980.

*First Case, No. 1312 January Term, 1980*

A complaint was filed on January 11, 1980. After preliminary objections were filed by Leslie,[1] plaintiffs filed an amended complaint on February 14, 1980. On March 11, 1980, Leslie filed a preliminary objection to the amended complaint asserting that the amended complaint should be struck off for failure to conform to the rules of civil procedure in that plaintiff had filed its amended complaint without the consent of the defendants or leave of the court.[2]

---

1. Leslie Phillips is the only one of the two defendants to appeal the denials of the petitions to strike the default judgments. Tamara Plotkin appears to have filed no pleadings in either case.

2. *But see* Pa.R.C.P. 1028(c) permitting the amendment of pleadings as of course within ten days after service of preliminary objections.

Plaintiff filed an answer to the preliminary objections, and on April 22, 1980, Leslie's preliminary objections were overruled by the court which added to its order the words "defendant shall have the right to plead over within 20 days after notice of this Order." This order was docketed on April 28, 1980. Meanwhile, on March 18, 1980, plaintiff had filed a praecipe for the entry of judgment against Tamara for failure to file an answer to the complaint. The praecipe was accompanied by a certification of notice to the defendants in the action, which notice was purportedly mailed to Tamara on February 18, 1980. The certification contains the caption and number of the case. The copy of the notice contains the name of one defendant only—Tamara, and was mailed to Tamara's address.

On May 27, 1980, a praecipe was filed by plaintiff for entry of judgment against Leslie for failure to file an answer pursuant to the April 22 order of the court overruling Leslie's preliminary objections and giving her "the right to plead over within 20 days." The required accompanying certification of notice to the defendant contains the caption of the case and a copy of the February 18 notice to Tamara. There is nothing in the record indicating notice to Leslie. The docket sheet of the court of common pleas contains, with respect to the March 18 praecipe, the notation "Deft. Tamara H. Plotkin only." With respect to the May 27 praecipe the docket sheet contains the words "in sum of $2,440.24 as to Leslie Phillips a/k/a Ralph Plotkin."

Leslie filed her petition to strike the default judgment on June 24, 1980. In her petition to strike Leslie asserted failure by the plaintiff to comply with Rule 237.1 of the Pennsylvania Rules of Civil Procedure, which provides in part:

**Rule 237.1   Notice of Praecipe for Entry of Default Judgment**

(a) No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against

whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of the filing of the praecipe. If a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice under this rule. A copy of the notice or agreement shall be attached to the praecipe.

(b) This rule does not apply to (1) a judgment entered pursuant to an order of court or rule to show cause or (2) any action subject to the provisions of Act No. 6 of 1974, P.L. 13, 41 P.S. § 101 et seq.

The trial court, in denying the petition, reasoned that the judgment entered against Leslie resulted from her failure to plead over within twenty days of the overruling of her preliminary objections, and that under Rule 237.1(b) no notice was required.

The rationale then for the refusal to strike the default judgment is that the order granting the right to plead over within twenty days is the equivalent of a "judgment entered pursuant to an order of court" and thus the notice requirement of Rule 237.1(a) does not apply.

■ We disagree. We believe that Rule 237.1 must be strictly construed in view of its enactment pursuant to this court's disapproval of the entry of "snap" judgments. *See* Explanatory Note—1979—of the Civil Procedural Rules Committee; *Carson Pirie Scott & Co. v. Phillips*, 290 Pa.Super. 353, 434 A.2d 790 (1981). *See also Wolgemuth v. Kleinfelter*, 63 Pa.Commw. 395, 437 A.2d 1329 (1981), where the commonwealth court held that a judgment entered pursuant to a rule to show cause did not fall within Rule 237.1(b), because the rule to show cause did not require action *upon penalty of default* within a specified period of time. We believe, and so hold, that this portion of part (b) of Rule 237.1 means precisely what it says—that notice is not required where a judgment is entered pursuant to an order of court. There was no order of court that

judgment be entered in this case. Leslie was not given notice according to part (a) of Rule 237.1. This lack of notice is fatal to the default judgment entered against her.

■■■■ A petition to strike a default judgment will be granted where a fatal defect appears on the face of the record. *Cameron v. Great Atlantic & Pacific Tea Co.*, 439 Pa. 374, 266 A.2d 715 (1970); *Fox v. Gabler*, 282 Pa.Super. 490, 423 A.2d 351 (1981), *petition for allowance of appeal denied* March 13, 1981. The fatal defect—lack of required notice to the defendant in accordance with Rule 237.1(a)— appears on the face of the record in this case. The order denying the petition to strike must therefore be reversed. We emphasize, however, that we have no sympathy with a defendant who self-righteously cites rules while declining to follow the court's directive. We fail to understand why she did not file a responsive pleading as directed by the trial court. We advise defendant and recommend to plaintiff that any further pleadings be in strict accordance with the rules of civil procedure. We have as much dislike for dilatory tactics as we have for snap judgments.[3] *See Lalumera v. Nazareth Hospital*, 310 Pa.Super. 401, 456 A.2d 996 (1983).

The order in case no. 1312, January Term 1980, is reversed, and the case is remanded for proceedings consistent with this opinion.

### Second Case, No. 1886 December Term, 1980

The complaint in this action was filed on December 11, 1980. The sheriff filed a "not found" as to Tamara, but served Leslie on January 10, 1981. The complaint was re-instated on February 9, and Leslie was served again on February 16, 1981. A praecipe for judgment against Tamara was filed on March 2 together with a notice certification and a copy of a notice mailed to Tamara on February 7. A praecipe for judgment against Leslie was filed on March

---

**3.** This statement should be construed as a warning against both these types of conduct and not as a specific finding in this case that either party engaged in them.

20, together with a certification of a notice purportedly sent to Leslie on March 9, 1981. On March 16 Leslie purportedly wrote a letter to plaintiff's counsel, acknowledging receipt of notice of her failure to answer and requesting that he not proceed further in the matter pending decision from the court on her petition to proceed in forma pauperis, which was filed on or about March 16, and then granted on May 4, 1981 by the motions judge. On May 22 Leslie filed a petition to strike the default judgment, which petition was denied.

On appeal Leslie asserts that her petition to strike the judgment "should probably have been captioned as a Petition to Strike and/or Open," and then proceeds to argue to this court on that basis. Whether or not the petition was correctly captioned, the result would be the same. A petition to *open* a default judgment is within the sound discretion of the trial court and will not be reversed except for abuse of that discretion. *Balk v. Ford Motor Co.,* 446 Pa. 137, 285 A.2d 128 (1971); *Cluster House, Inc. v. Reid,* 297 Pa.Super. 102, 443 A.2d 320 (1982). The three requirements for opening a default judgment are that the petition to open must be promptly filed, the failure to file the responsive pleading must be reasonably explained or excused, and the party seeking to open the judgment must have a meritorious defense. *Id.* On the other hand, a petition to *strike* a default judgment will only be granted where a fatal defect appears on the face of the record. *Malakoff v. Zambar, Inc.,* 446 Pa. 503, 288 A.2d 819 (1972); *Narrowsburg Lumber Co., Inc. v. Hopkins,* 287 Pa.Super. 70, 429 A.2d 724 (1981).

However, whether this is a petition to open or a petition to strike there was no error in the trial court's denying the petition. The three requirements for the opening of a default judgment are not all met. Leslie filed her petition over two months after receiving notice of the intent

to file a praecipe for the entry of the default judgment.[4] We need not discuss whether this was sufficiently prompt because Leslie has an insufficient excuse for her delay in filing her answer, the petition for in forma pauperis status only being filed when the answer was already due, and, most importantly, Leslie has not provided the court with any defense, meritorious or otherwise. Therefore there would be no reason to grant a petition to open. Next, as there is no fatal defect on the face of the record, there is no cause to grant a petition to strike. The petition to strike was correctly denied.

The order of the lower court as to case no. 1886 December Term 1980 is affirmed.

---

4. In her petition to strike Leslie admitted to having received such notice on March 6.