## Ceccoli v. Bayo

*Allen T. Reishtein,* for plaintiffs.
*David R. Lipka,* for defendant.

TOOLE, *J.*, January 16, 1985 — Louis Ceccoli, Robert Ceccoli and Richard Ceccoli (Ceccoli) filed separate complaints in trespass against defendant, Peter Bayo, Jr. (Bayo), to recover damages arising out of an incident or incidents which occurred on June 18, 1982, at or in the vicinity of the Victory Pig Restaurant in Luzerne County. Bayo responded to each of the complaints with preliminary objections and on June 21, 1983, this court (Dalessandro, J.) sustained the motion for a more specific pleading as to the nature of the injuries and damages and granted leave to each plaintiff to file an amended complaint. The order did not indicate when the amended pleading was to be filed.

On October 1, 1984, no complaint having been filed by any of plaintiffs in accordance with the order, Bayo requested the prothonotary to and he secured the entry of a judgment of non pros in each case.

On October 23, 1984, 22 days following the entry of the non pros, amended complaints were filed in each of the captioned matters. Each amended complaint was accompanied by an affidavit which provided as follows:

"Elliot B. Edley, Esq., being duly sworn according to law, deposes and says that:

1. He is the attorney for the plaintiff in the above captioned action.

2. On October 12, 1984, he received a copy of judgment for non pros issued on praecipe of defendant's counsel, which had been on October 1, 1984.

3. Attached hereto is a copy of the envelope in which said copy was mailed which has a postmark of October 11, 1984.

4. Said date is more than five days after the date of entry of the judgment of non pros, and is there-

fore in violation of Local Rule 233 rendering said filing void."

On November 13, 1984, Bayo filed preliminary objections in the nature of a motion to strike off the amended complaints on the ground that they were not filed within the period provided for in Pa:R.C.P. 1028(e) and, in addition, the matters were concluded by the prior entry of the judgment of non pros by the prothonotary.

Briefs have been filed, the matters have been orally argued and they are now before the court for resolution.

Plaintiffs' first contention is that the entry of the judgment of non pros in each case was a nullity because of an alleged violation of Luzerne County Rule 233(a) which provides:

"Unless otherwise provided by statute or rule of court, a copy of all pleadings, petitions, motions, rules or answers thereto, or notices or other papers *required to be served on another party,* shall be served in the manner provided by Pa.R.C.P. 233, or as otherwise directed by order of court, within five days from the filing thereof; otherwise said papers shall be void and of no effect. Upon affidavit filed setting forth such failure of service, the party upon whom said papers should have been served may proceed as though said paper had never been filed." (Emphasis supplied.)

We disagree with plaintiffs that the entry of the judgment of non pros in these matters was a nullity under the cited rule. Luzerne County Rule 233, by its terms, applies only to documents that are "required to be served on another party," such as pleadings, petitions, motions, rules, or answers thereto. Nothing in the rules of Civil Procedure requires a party to give notice of the entry of a judgment of non pros.

The threshold issue is whether or not the prothonotary had the authority to enter a judgment of non pros for failure to file an amended complaint when the order authorizing the amendment contained no specific time period or direction. Under Pa.R.C.P. 1028(e), an amended pleading allowed or directed by the court "shall be filed within 20 days after notice of the order or within such other time as the court shall fix." Since the court fixed no other time in the order, the amended pleading was required to be filed within 20 days after notice of the order. Since, in this case, the complaint was filed more than 16 months after the order of court was issued, we can safely declare that it was not timely. As will be seen, that does not resolve the issue.

There is no question that the prothonotary has authority under Pa.R.C.P. 1037(a) to enter a judgment of non pros when a plaintiff fails to file a complaint after being ruled to do so. There is also no question that the prothonotary may, under the authority of the same rule, enter judgment against defendant for failure to file a timely answer, but no procedural rule specifically addresses or provides for the situation presented here.

Bayo argues that the prothonotary has authority to enter judgment in this case pursuant to Pa.R.C.P. 227.4 which provides:

"In addition to the provisions of any Rule of Civil Procedure or Act of Assembly authorizing the prothonotary to enter judgment upon praecipe of a party, the prothonotary shall, upon praecipe of a party:

(1) If no timely post-trial motion is filed or if a waiver in writing of the right to file post-trial motions signed by all parties has been filed,

(a) enter judgment upon the verdict of the jury;

(b) enter judgment upon the decision of a judge following a trial without jury, or

(c) enter ᴛhe decree nisi as the final decree; or

(2) Enter judgment when the court grants or denies relief but does not itself enter judgment or order the prothonotary to do so."

Plaintiffs, on the other hand, contend that Pa.R.C.P. 227.4 is nothing more than a restatement of former Rule 1039 and that it in no way authorizes the prothonotary to enter judgment in this case. Plaintiffs argue that if a party fails to timely file an amended complaint that only the court has the power to enter judgment because of the default. In support of their position, plaintiffs cite Strickland v. Valley Forge Hotel Co., 105 Montg. Co. 337 (1979).*

In Strickland, the actions were initiated by complaint to which defendants filed preliminary objections. The court sustained certain of the objections but authorized the plaintiffs to file a more specific complaint. No date for the filing of the amended complaint was specified in the order. When no complaint was filed for approximately seven months, defendants praeciped the prothonotary and secured the entry of a judgment for failure to timely file the amended complaints. Plaintiffs in turn filed a petition to strike the judgment. After depositions and

---

* The opinion cited by counsel clearly indicates that it was written in support of an order which was appealed to the Superior Court on March 2, 1979. Apparently no attempt was made to determine the outcome of that appeal for counsel neither in his brief nor at argument court indicated any appellate ruling on the issue. We have determined that the case was not only appealed but was decided by a panel of the Superior Court in a Memorandum Decision on May 8, 1981, which memorandum decision is found in 292 Pa. Super. 623, 435 A.2d 250 (1981). We also contacted the prothonotary and secured a copy of that memorandum decision which upheld the order striking the judgment that remanded the matter in order to permit the court to rule on another outstanding motion.

argument, the court declared that while plaintiff would have been amenable to court-imposed sanctions, the prothonotary had no authority under any statute, rule or court order to enter a judgment of non pros when an amended pleading is not timely filed. In that case, plaintiff argued that the prothonotary had authority to enter the judgment of non pros pursuant to Pa.R.C.P. 1039. The court rejected the argument declaring that the factual situation presented in that case did not fall within any of the enumerated instances outlined in that particular rule.

We recognize that memorandum opinions are not to be considered as precedent and are not to be cited ordinarily for any purpose. However, in this case, plaintiffs have cited a common pleas decision which was in fact affirmed by a panel of the Superior Court consisting of Spaeth, Cavanaugh, and O'Kicki (Spaeth, J., concurred). In the absence then of any appellate authority to the contrary, we accept the rationale and decision of the Montgomery County Court as persuasive and controlling.

It is also this court's conclusion that since Pa.R.C.P. 227.4 is nothing more than a restatement of former Pa.R.C.P. 1039, it did not afford the prothonotary any authority to enter judgment when plaintiffs failed to file an amended complaint within the time period provided for under Pa.R.C.P. 1028(e).

Our case law is clear that judgment entered by the prothonotary without authority "is a nullity and without legal effect." Newsome v. Braswell, 267 Pa. Super. 83, 88, 406 A.2d 347, 350 (1979); Phillips v. Evans, 164 Pa. Super. 410, 412, 65 A.2d 423, 425 (1949). It is also settled that a petition to strike a default judgment will be granted where a fatal defect appears on the face of the record. (Cameron v. Great

Atlantic and Pacific Tea Co., 439 Pa. 374, 266 A.2d 715 (1970); Academy House Council v. Phillips, 312 Pa. Super. 364, 458 A.2d 1002 (1983)), or where the judgment is void on its face. Malakoff v. Zambar, Inc. 446 Pa. 503, 288 A.2d 819, (1972); Advance Building Services Co. v. F & M Schaefer Brewing Co., 252 Pa. Super. 579, 384 A.2d 931 (1978).

We recognize that this matter comes before the court not upon petition of plaintiff to strike the entry of the judgment of non pros, but rather upon preliminary objections of defendant, Bayo, to strike off the complaints on the ground that they were not timely filed and also subsequent to the entry of the judgment of non pros. We have decided to exercise the judicial discretion vested in us under Pa.R.C.P. 126 to disregard the procedural deficiencies and in the interest of justice, recognize that only the court has authority to enter a judgment under the facts here presented and, accordingly, the action of the prothonotary was a nullity. Because Bayo failed to request this court to enter a judgment of non pros, he preserved plaintiffs' opportunity to file their amended complaint even beyond the 20-day period permitted under Pa.R.C.P. 1028(e). See Zook v. Watterson, 31 D. & C. 3d 77 (1982) and Malone v. Smith, 18 D. & C. 3d 682 (1981). In order to avoid any prejudice to Bayo, we will also authorize the filing of a responsive pleading to the amended complaints within 20 days after notice of this opinion.

Accordingly, we enter the following

### ORDER

It is hereby ordered and directed:

1. That the judgments of non pros entered by the prothonotary in the above matters on October 1, 1984, are hereby stricken and

2. The preliminary objection to each of the amended complaints in the nature of a motion to strike is overruled, and

3. Defendant, Peter Bayo, Jr., shall have the right to plead over within 20 days after notice of this order.