490 A.2d 845

**FOUNTAINVILLE HISTORICAL FARM ASSOCIATION OF BUCKS COUNTY, INC., Appellant,**

v.

**COUNTY OF BUCKS, and Neshaminy Water Resources Authority.**

Superior Court of Pennsylvania.

Submitted April 30, 1984.

Filed March 22, 1985.

Jack J. Hetherington, Chalfont, for appellant.

Peter N. Harrison, Doylestown, for county, appellee.

Charles F. Sampsel, Bristol, for Neshaminy, appellee.

Before SPAETH, President Judge, and WIEAND and CIRILLO, JJ.

SPAETH, President Judge:

This is an appeal from an order striking a default judgment. Appellant contends that the judgment was properly entered under Pa.R.Civ.P. 1511(a).[1] We find, however, that the notice required by Rule 237.1[2] was not given. Since

**1.** Rule 1511(a) provides:
　　(a) The prothonotary, on praecipe of the plaintiff, shall enter a judgment by default against the defendant for failure to plead within the required time to a complaint which contains a notice to defend. In all other cases of default or of admission the judgment shall be entered by the court.

　　　　　．　　　．　　　．　　　．　　　．

**2.** Rule 237.1 provides:
　　(a) No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of the filing of the praecipe. If a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice under this rule. A copy of the notice or agreement shall be attached to the praecipe.
　　(b) This rule does not apply to (1) a judgment entered pursuant to an order of court or rule to show cause or (2) any action subject to the provisions of Act No. 6 of 1974, P.L. 13, 41 P.S. § 101 et seq.
　　(c) The notice required by subdivision (a) shall be substantially in the following form:
　　　　　　　　　　　　(CAPTION)
　　To: . . . . . . . . . . . . . . . . . . . . . . .
　　　　　(Defendant)
　　Date of Notice: . . . . . . . . . . . . . . . . .
　　　　　　　　　　IMPORTANT NOTICE
　　YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO TAKE ACTION REQUIRED OF YOU IN THIS CASE. UNLESS YOU ACT WITHIN TEN DAYS FROM THE DATE OF THIS NOTICE, A JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR PROPERTY OR OTHER IMPORTANT

this was a fatal defect apparent on the face of the record, the trial court properly ordered the judgment stricken.

On August 6, 1981, appellant, Fountainville Association of Bucks County, Inc., filed a complaint in equity against appellee Neshaminy Water Resources and the County of Bucks.[3] Neither the Authority nor the County filed an answer or otherwise pleaded to the complaint within the required twenty days. Pa.R.Civ.P. 1026.[4] Although the record does not confirm the fact, appellant states that it sent a notice of default on November 10, 1981, pursuant to Pa.R.Civ.P. 237.1.[5] Brief for Appellant at 3. Within the 10 days provided by the notice, the Authority and County jointly filed preliminary objections to appellant's complaint. Appellant filed preliminary objections to the Authority's and County's preliminary objections. The trial court sustained appellant's preliminary objections and granted the Authority and County twenty days within which to file an answer to the complaint.

An answer, signed only by counsel for the County and verified by the Chief Clerk of the County Commissioners,

RIGHTS. YOU SHOULD TAKE THIS NOTICE TO A LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE FOLLOWING OFFICE TO FIND OUT WHERE YOU CAN GET LEGAL HELP:

...................
(Name of Office)
...................
(Address of Office)
...................
(Telephone Number)
...................
(*Signature of Plaintiff or Attorney*)
...................
(*Address*)

3. The County did not participate in this case on appeal "because the Bucks County Commissioners have no interest in the outcome." Letter from Assistant County Solicitor to Prothonotary, Superior Court, filed August 15, 1983.

4. Rule 1026 is applicable to actions in equity. Pa.R.Civ.P. 1501 (except as otherwise provided, procedure in equity shall follow the rules relating to civil action).

5. For text of Rule 237.1, *see* footnote 2, *supra.* The notice was not addressed specifically to either or both defendants.

was timely filed. The answer referred to defendants, in the plural, but otherwise did not indicate that the answer was to be the Authority's. On March 12, 1982, appellant filed preliminary objections to the Answer, also referring to defendants, in the plural. There was no indication that appellant was responding solely to a pleading of the County.

On June 30, 1982, appellant filed a praecipe for default pursuant to Pa.R.Civ.P. 1511(a), together with the November 10, 1981, notice. The praecipe stated that judgment should be entered "against the defendants [sic] NESHAMINY WATER RESOURCES AUTHORITY, INC. and in favor of Plaintiff, for Defendant's failure to file an Answer to the Complaint within the time required." Pursuant to the praecipe, the prothonotary entered the judgment in default here at issue.

On July 28, 1982, the Authority and County filed a joint Memorandum of Law on appellant's preliminary objections to the answer that had been filed by the County. The memorandum, signed only by counsel for the County, stated: "We respectfully point out to the court that this memorandum is a joint memorandum on behalf of both defendants and that the Answer filed likewise is a joint Answer." Memorandum of Law Contra Plaintiff's Preliminary Objections to Defendant's Answer at 2. Appellant's reply memorandum, August 11, 1982, enunciated the issue that is now before this court—that the Authority had failed to sign the answer as required under Pa.R.Civ.P. 1023(a),[6] and that therefore the timely answer signed by counsel for the County was not made by the Authority.

On September 9, 1982, the Authority filed a petition to strike the default judgment. It also filed with the prothonotary, on February 10, 1983, a notice adopting the answer

**6.** Rule 1023(a) provides:
(a) Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name. A party not represented by an attorney shall sign his own pleading.

filed by the County. The trial court granted the Authority's petition to strike the default judgment on the ground that the prothonotary had no authority under Rule 1511(a) to enter it. The court held that despite appellant's failure to sign the answer, "[a]n answer to the complaint had been filed and the answer not only speaks clearly and repeatedly for both defendants but was expressly so acknowledged by plaintiff's preliminary objections thereto." Slip op. of tr. ct. at 4. Alternatively, the court held that the prothonotary had no authority to enter the judgment because the circumstances did not indicate that "the alleged default was not, as the Rule requires, a 'failure to plead within the required time to a complaint endorsed with a notice to plead.'" *Id.* In the court's view, the circumstances of this case required that it, as opposed to the prothonotary, enter a default judgment, if a default judgment was appropriate. According to the court, the second sentence of the Pa.R.Civ.P. 1511(a)[7] eliminated the prothonotary's authority in cases where the trial court has set a time period within which the defendants were required to answer the complaint. Slip op. of tr. ct. at 4–5.

When a fatal defect appears on the face of the record, a judgment may properly be stricken. *Parliament Industries, Inc. v. William H. Vaughan & Co.*, 501 Pa. 1, 459 A.2d 720 (1983); *Academy House Council v. Phillips*, 312 Pa.Super. 364, 458 A.2d 1002 (1983); *Alderfer v. Pendergraft*, 302 Pa.Super. 210, 448 A.2d 601 (1982). While we agree with the trial court that here a fatal defect does appear on the face of the record, and that consequently the prothonotary was without authority to enter the default judgment, we disagree as to what the defect was.

In a case in which there are codefendants, each with his own counsel, pleadings may not be presumed to be joint, even if prior and subsequent pleadings are expressly

7. *See* footnote 1, *supra.*

offered as joint. Counsel for one party is without authority to bind another. There must be an express statement that the pleading is intended to be a joint pleading, or a similar clear expression of intent, or the signature by counsel for the parties, or the parties themselves, if unrepresented. Here, none of these requirements is satisfied. We therefore may not hold that the Authority filed an answer to the complaint within the period set by the court. In passing, it may also be noted in this regard that no amendment of the answer was ever requested by the Authority. Pa.R.Civ.P. 1033.[8] We therefore do not share the trial court's view that the defect on the face of the record was that the prothonotary had entered a default judgment despite an answer having been filed by the Authority. In our view, an answer had been filed by the County only—not by the Authority.

We do not regard this conclusion as based on a hypertechnical construction of the rules. *See Davis v. Safeguard Investment Co.,* 239 Pa.Super. 300, 361 A.2d 893 (1976). Pa.R.Civ.P. 1023(b) provides as follows:

> The signature to a pleading constitutes a certificate that the person signing it has read it, that to the best of his knowledge, information and belief there is good ground to support it, and that it is not interposed for delay.

Nothing in the answer signed on behalf of the County indicates that the Authority had any part in it. The Authority's failure to inform appellant and the trial court that the County's answer was to be considered as its own until the memorandum of law on plaintiff's objections to the answer, on July 28, 1982, and the note to the prothonotary, on

**8.** Rule 1033 provides:
> A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

February 10, 1983, was not a de minimis violation of the rules of civil procedure. *Cf. Monroe Contract Corp. v. Harrison Square, Inc.*, 266 Pa.Super. 549, 405 A.2d 954 (1979) (defective verification under Pa.R.Civ.P. 1024 de minimis); *Township of Chester v. Stapleton*, 72 Pa.Cmwlth. 141, 456 A.2d 673 (1983) (failure to sign notice to plead and failure to attach verification to amendment of complaint de minimis).

We nevertheless shall affirm the trial court's order striking the default judgment, for appellant's November 10, 1981, notice to the Authority was defective. Thus a condition precedent to the prothonotary having authority under Rule 1511(a) to enter a judgment by default was not satisfied. *See Academy House Council v. Phillips, supra.*

 Appellant argues that the November 10, 1981, notice was sufficient because it was directed at the default by the Authority in failing to respond initially to the complaint. Brief for Appellant at 9. The difficulty with the argument is that it ignores the fact, noted earlier, that the Authority and the County timely responded to the notice by filing joint preliminary objections within 10 days. The commentary to Rule 237.1 makes clear that "[t]he intent of the Rule is to afford a minimum of ten days *after default* within which the default may be cured." Explanatory Note—1979—Rules of Civil Procedure (emphasis added). Thus, the Authority and the County cured their initial default by timely filing joint preliminary objections. The Authority's subsequent default, in not filing an answer after appellant's preliminary objections to the Authority's preliminary objections were sustained, could not be subject to judgment pursuant to Rule 1511(a) based on the prior notice for a cured default; the notice required by Rule 237.1, in other words, must be given *when* the party is in default, not *before* default. *Id.*

Affirmed.