523 A.2d 1173

**Charles and Joan BITTENBENDER, Administrators of the Estate of Maryanne Bittenbender, Deceased, and Charles and Joan Bittenbender, Individually**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, and Michael Anthony Lund.**

**Appeal of SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY.**

Superior Court of Pennsylvania.

Argued Jan. 14, 1987.

Filed April 10, 1987.

Stanley J. Sinowitz, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Jr., Philadelphia, for appellees.

Before: CIRILLO, President Judge, and ROWLEY and HOFFMAN, JJ.

CIRILLO, President Judge:

This is an appeal from an order denying a petition to strike and/or open a default judgment. We affirm.

The sole issue presented for our review is whether the notice requirement for a default judgment was followed pursuant to Pa.R.Civ.P. 237.1(a).

This action was originally filed on August 28, 1984 and served upon Southeastern Pennsylvania Transportation Authority (SEPTA) on September 4, 1984. The underlying claim is that SEPTA improperly discharged a 15 year old trolley passenger into the path of a speeding vehicle. The death of the passenger followed the accident.

On January 29, 1986, one year and three months after entry of a default judgment, SEPTA moved to strike and/or open the judgment. The trial court denied this request.

Rule 237.1(a) provides that no default judgment shall be entered without certification that written notice of intent to file such judgment was mailed to "the party against whom judgment is to be entered and to his attorney of record, if any." Rule 237.1(a) further provides that "[i]f a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice under this rule."

The record indicates that appellees, Charles and Joan Bittenbender, through their attorney, mailed a copy of the praecipe to enter a default judgment, on the same day it was filed, to Stanley Sinowitz, Esquire, in-house counsel for appellant SEPTA. This letter was dated October 23, 1984, which was 13 days after the expiration of the extension which was granted by appellees to SEPTA. The extension was given in a letter dated September 14, 1984, which was mailed to J.J. Rooney, Jr., Director of SEPTA's Claim Department, in response to Rooney's request. The letter granting the extension also informed SEPTA that failure to answer the complaint within the extension period would "result in the application for judgment."

SEPTA bases its argument on the assertion that the notice of a default judgment which was mailed only to in-house counsel Sinowitz, did not satisfy the requirement of Rule 237.1(a) which calls for notice to be given to "the party against whom judgment is to be entered and to his attorney of record, if any...."

The explanatory notes that follow the rule clarify the reasoning behind the dual notice requirement. First, notice to the party will alleviate the problem situation where the defendant's attorney never received notice. Second, "notice to the client as well as the attorney may have a salutary

effect in speeding up action by a dilatory attorney." Pa.R. Civ.P. 237.1, Explanatory Note.

Neither the rule nor the explanatory notes address the scenario presented before us where the attorney is an employee of the party. Thus, we must decide whether notice of a default judgment mailed to the in-house counsel of a party satisfies the notice requirements of Rule 237.1(a).

In *Autologic Inc. v. Cristinzio Movers*, 333 Pa.Super. 173, 481 A.2d 1362 (1984), we considered the validity of a default judgment where notice of praecipe for entry of default judgment was served on the claims manager of a moving company. This employee mistakenly thought that her company's insurance carrier was handling the matter. Therefore, she did not forward the notice to either the insurance carrier or her superiors. We reasoned in the *Autologic* case that the claims manager of the moving company was given the responsibility not merely to forward papers to her superiors, but to make the decision whether or not to do so. We viewed the failure to respond as a decision by the employee which her employer empowered her to make. Therefore, we concluded that it was not unjust to hold the employer responsible for the decision of its employee because "[i]f we were to hold otherwise, employers could cause interminable delays in litigation simply by intentionally choosing unqualified employees to handle claims brought against them." *Autologic*, 333 Pa.Super. at 178, 481 A.2d at 1364. *See also MacClain v. Penn Fruit, Inc.*, 241 Pa.Super. 303, 361 A.2d 403 (1976) (default judgment upheld where store manager apparently failed to forward complaint to corporate headquarters).

It appears from the record that in-house counsel Sinowitz was handling the case for SEPTA as opposed to an outside firm. His name alone appears as author of SEPTA's brief submitted to this Court. It remains "the law of Pennsylvania that a corporation may appear and be represented in our courts only by an attorney duly admitted to practice." *Walacavage v. Excell 2000, Inc.*, 331 Pa.Super. 137, 144,

480 A.2d 281, 285 (1984). It is almost common knowledge that a " 'corporation can do no act except through its agents....' " *Walacavage*, 331 Pa.Super. at 142, 480 A.2d at 284 (quoting *MacNeil v. Hearst Corp.*, 160 F.Supp. 157, 159 (D.Del.1958)). These principles apply here. Sinowitz was not only an employee and agent of SEPTA, he was also the in-house attorney representing SEPTA in this case. Therefore, for purposes of satisfying the notice requirements of Rule 237.1(a), it is both reasonable and practical to conclude that serving notice on SEPTA's in-house counsel Sinowitz was tantamount to serving notice on SEPTA in this particular case.

In reaching our holding, we factually distinguish cases such as *N.H. Weidner, Inc. v. Berman*, 310 Pa.Super. 590, 456 A.2d 1377 (1983) (Montemuro, J.) and *Giallorenzo v. American Druggists' Insurance Co.*, 301 Pa.Super. 294, 447 A.2d 974 (1982). Neither of these cases involved a symbiotic relationship remotely similar to that enjoyed by Sinowitz and SEPTA. The dual notice provision of Rule 237.1(a) was not intended to address the situation we have before us where the party and the party's counsel are one and the same for the purpose of providing notice of legal proceedings.

We do, however, continue to follow the longstanding reasoning which was used in *Berman*. Namely,

> The true purpose of the entry of a default is to speed the cause thereby preventing a dilatory or procrastinating defendant from impeding the plaintiff in the establishment of his claim. It is not procedure intended to furnish an advantage to the plaintiff so that a defense may be defeated or a judgment reached without the difficulty that arises from a contest by the defendant.

*Berman*, 310 Pa.Super. at 599, 456 A.2d at 1382 (quoting *Kraynick v. Hertz*, 443 Pa. 105, 111, 277 A.2d 144, 147 (1971)). This reasoning supports the decision that we reach. Upholding the default judgment appealed from will prevent

the dilatory appellant from impeding the appellee's claim. The appellee was furnished no advantage by SEPTA's unhappy 15 month delay. We are not presented with a "snap" judgment which is disapproved by the rules and the courts alike. *See Academy House Council v. Phillips*, 312 Pa.Super. 364, 369, 458 A.2d 1002, 1004 (1983); Pa.R.Civ.P. 237.1, Explanatory Note.

Although the order appealed from regards the petition denied as one seeking to strike and/or open a default judgment, SEPTA only argues in its brief that we should reverse the order striking the judgment because the notice requirements of Pa.R.Civ.P. 237.1 were not met. As this was the only issue raised in SEPTA's appellate brief, we will likewise so limit our review. *Commonwealth v. Whiteman*, 336 Pa.Super. 120, 124, 485 A.2d 459, 461 (1984); Pa.R.A.P. 2116(a). *See generally, Kophazy v. Kophazy*, 279 Pa.Super. 373, 421 A.2d 246 (1980) (discussion of distinction between petition to strike and petition to open).

The law remains settled in Pennsylvania that the decision "[w]hether to strike or open a default judgment ... is left to the sound discretion of the trial court; its decision will not be reversed absent a manifest abuse of discretion or error of law." *Berman*, 310 Pa.Super. at 593, 456 A.2d at 1379 (citing *Giallorenzo, supra*). A "petition to *strike* a default judgment will only be granted where a fatal defect appears on the face of the record." *Academy House Council*, 312 Pa.Super. at 370, 458 A.2d at 1005 (emphasis in original) (citations omitted).

SEPTA has not satisfied the test for a petition to strike because we discern no fatal defects on the face of the record. As we discussed earlier, the notice requirements of Rule 237.1 were not offended.

In sum, the trial court did not abuse its discretion nor did it commit an error of law by denying SEPTA's petition to strike the default judgment entered against it.

AFFIRMED.