## Tedesco Manufacturing Company
## v. Parts & Battery Warehouse Inc.

*Seymour Braun,* for plaintiff.
*James H. Young Jr.,* for defendant.

WETTICK, *A.J.,* October 5, 1987 — The subject of this opinion and order of court is defendant's petition to strike a default judgment.

This lawsuit was instituted on December 11, 1986. Plaintiff instructed the sheriff to serve defendant corporation by serving its principal officer at his residence. On three occasions, the sheriff attempted service and no one was at the residence. Pursuant to a petition filed under Pa.R.C.P. 430, this court entered an order on March 6, 1987 permitting plaintiff to serve a copy of the complaint upon defendant by mailing it, by first-class mail, to the residence of defendant's principal officer. On March 12, 1987, plaintiff filed an affidavit of service stating that the complaint had been mailed to this address by first-class mail on March 10, 1987. On April 2, 1987, plaintiff mailed the rule 237.1 Important Notice to defendant at the same address. On April 22, 1987, the prothonotary, upon praecipe filed by plaintiff, entered a default judgment against defendant for failure to file a responsive pleading to plaintiff's complaint.

Defendant seeks to strike the default judgment on the ground that the rule 237.1 Important Notice was mailed prematurely.

The prothonotary is without authority to enter a default judgment for failure of a defendant to file a responsive pleading to a complaint unless the record establishes that plaintiff mailed or delivered to

defendant the rule 237.1 Important Notice more than 20 days after service of the complaint and that at least 10 days have elapsed from the date on which the Important Notice was mailed or delivered. See Pa.R.C.P. 1026, 1037(b), 237.1; *Fountainville Historical Farm v. Bucks County*, 340 Pa. Super. 412, 490 A.2d 845 (1985); *Academy House Council v. Phillips*, 312 Pa. Super. 364, 458 A.2d 1002 (1983).

In the present case, plaintiff mailed the rule 237.1 Important Notice to defendant on April 2, 1987. Since rule 237.1 does not permit the Important Notice to be mailed or delivered until after the default occurred, and since rule 1026 gives defendant 20 days after service of the complaint in which to file an answer, plaintiff complied with the requirements of rule 237.1 only if the complaint was served on or before March 12, 1987 (this being 21 days prior to the mailing of the Important Notice).

Because the complaint was served by regular mail, the record does not show when the complaint was received. We, therefore, look to the Rules of Civil Procedure to determine when service of original process by regular mail is deemed to be made.

Two rules of civil procedure address the issue of when service of legal papers made by regular mail is deemed to be made. Pa.R.C.P. 440(a) permits service of legal papers other than original process to be made by regular mail. Subsection (b) of this rule provides that: "Service by mail of legal papers other than original process is complete upon mailing." Subsection (b)'s exclusion of "original process" indicates that this rule was not intended to be utilized for purposes of determining when service of original process by regular mail is complete.

Pa.R.C.P. 403 also deals with service by mail:

"If a rule of civil procedure authorizes original process to be served by mail, a copy of the process

shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. Service is complete upon delivery of the mail.

"(1) If the mail is returned with notation by the postal authorities that the defendant refused to accept the mail, the plaintiff shall have the right of service by mailing a copy to the defendant at the same address by ordinary mail with the return address of the sender appearing thereon. Service by ordinary mail is complete if the mail is not returned to the sender within 15 days after mailing.

"(2) If the mail is returned with notation by the postal authorities that it was unclaimed, the plaintiff shall make service by another means pursuant to these rules."

Plaintiff argues that we should not look to rule 403 because it governs only service of original process pursuant to a "rule of civil procedure [which] authorizes original process to be served by mail." Since the March 6, 1987 court order permitting plaintiff to serve the complaint by mail did not require compliance with all the service requirements of rule 403, we agree with plaintiff that service in this case was made pursuant to order of court — and not pursuant to rule 403.

But if the complaint had been served by ordinary mail pursuant to a rule of civil procedure authorizing original process to be served by mail, under rule 403(1) service would not be complete until 15 days after mailing. There is no basis for reaching a different result merely because service by ordinary mail was permitted by order of court as opposed to a rule of civil procedure. Both situations raise the identical issue — when is service by regular mail deemed to be complete for purposes of rules 1026 and 237.1.

Thus, the rule of civil procedure that addresses this issue should control.

Furthermore, unless we apply rule 403 to service by ordinary mail made pursuant to an order of court, it would not be possibile for a plaintiff who served original process in this manner to obtain a default judgment for failure of defendant to file a responsive pleading because the record would never establish that service had been made. In these proceedings, plaintiff contends that the default judgment should stand if it can show (apparently through deposition testimony of defendant's principal officer) that the complaint was actually received more than 20 days prior to the mailing of the Important Notice. This contention is without merit. A default judgment must be stricken unless the record establishes that the prothonotary had a basis for entering the default judgment at the time the default judgment was entered. The issue is not whether defendant actually received the complaint more than 20 days prior to the mailing of the Important Notice but, instead, whether the record showed that defendant had received the complaint by that time as of the date on which the default judgment was entered. *Link v. House of Fulmer Inc.*, 262 Pa. Super. 275,. 396 A.2d 752 (1978). At the time of the entry of the default judgment, the record will never show when a defendant who was served by ordinary mail actually received the complaint. Thus, unless a plaintiff is permitted to rely on rule 403 as a basis for establishing service, the record at the time of the entry of the default judgment will never show that the Important Notice was mailed or delivered more than 20 days after service.

This court's determination that service in this case is governed by rule 403 means that in this case the rule 237.1 Important Notice was mailed prior to

default. The complaint was mailed on March 10. Service was not complete until 15 days after the mailing — March 25 (rule 403). There was no default until 20 days after service was complete — April 14 (rule 1026). Therefore, the Important Notice could not be mailed prior to April 15 (rule 237.1). Since the record establishes that service of the rule 237.1 Important Notice was premature, the default judgment must be stricken. *Fountainville Historical Farm v. Bucks County, supra.*

For these reasons, we enter the following

## ORDER OF COURT

On October 5, 1987, it is hereby ordered that defendant's petition to strike judgment is granted. Defendant shall file an answer to plaintiff's complaint within 20 days. This matter shall be heard on November 18, 1987 at 9:00 a.m. before a board of arbitrators.