J-S43002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BRUCE L. WISHNEFSKY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAWAD A SALAMEH, M.D. | : | No. 443 WDA 2020 |

Appeal from the Order Entered March 13, 2020
In the Court of Common Pleas of Somerset County Civil Division at
No(s):  654 Civil 2016

BEFORE:  SHOGAN, J., STABILE, J., and KING, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED:  April 1, 2021**

Appellant, Bruce L. Wishnefsky, appeals *pro se* from the order denying his petition to strike a judgment of *non pros* entered in favor of Appellee, Jawad A. Salameh, M.D., in this professional liability action.  We vacate and remand.

In a prior appeal, this Court summarized the history of this matter as follows:

> [Appellant], currently serving a 45 to 90 year sentence of imprisonment for sexually abusing two children, asserts that [Appellee], in his role as a medical director of the prison where [Appellant] resides, improperly refused to approve [Appellant's] request to consult with a urologist.  [Appellant] claims this breach of duty has caused him depression and a worsening of his urinary functioning.

***Wishnefsky v. Salameh***, 983 WDA 2017, 193 A.3d 1091 (Pa. Super. filed June 20, 2018) (unpublished memorandum at *1).

Appellant filed the instant complaint on December 16, 2016. On April 24, 2017, Appellant filed a motion for determination of whether a certification of merit ("COM") must be filed. On April 28, 2017, the trial court entered an order scheduling a hearing on Appellant's motion for June 15, 2017.

On May 5, 2017, Appellee filed a response to Appellant's motion for determination. Also on that date, Appellee filed a notice of intent to enter judgment of *non pros* for Appellant's failure to file a COM. On June 8, 2017, Appellee filed a praecipe for entry of judgment of *non pros* based upon the lack of a COM being filed by Appellant. Appellant filed a petition to strike the judgment of *non pros*.

On June 16, 2017, the trial court entered an order sustaining Appellee's preliminary objections based on *res judicata*. The order also dismissed Appellant's complaint with prejudice. Also on that date, the trial court entered an order striking any further oral argument and proceedings from the docket.

Appellant filed an appeal with this Court that challenged the trial court's determination of the preliminary objections. We concluded that the record was insufficient to establish *res judicata* at the preliminary objection phase. Accordingly, we vacated in part, affirmed in part, and remanded for further proceedings. **Wishnefsky**, 983 WDA 2017 (unpublished memorandum at *2).

After remand, on August 2, 2017, the trial court entered an order that, among other things, vacated the June 8, 2017 entry of *non pros*. The trial court further ordered Appellee to file an answer to Appellant's complaint and any other appropriate responsive pleadings.

On August 29, 2018, Appellee filed an answer and new matter. He filed an amended new matter on October 1, 2018.

Although the trial court had yet to address Appellant's April 24, 2017 motion for determination of whether a COM must be filed, on October 15, 2018, Appellee filed a praecipe for entry of judgment of *non pros* for failure to file a COM. On December 14, 2018, Appellant filed a petition to strike the October 15, 2018 judgment of *non pros*. On December 24, 2018, Appellee filed an answer to the petition to strike.

After hearing oral argument, on February 20, 2019, the trial court entered an order granting Appellant's petition to strike the judgment of *non pros*. Also on February 20, 2019, the trial court filed an order directing that Appellant was required to file a COM within sixty days, which Appellant failed to do. On June 13, 2019, Appellee filed a praecipe for entry of judgment of *non pros*.

On December 11, 2019, Appellant filed a petition to strike the judgment of *non pros*, arguing that a COM was not required because the parties did not share a patient/doctor relationship. Thereafter, Appellee filed an answer to the petition to strike and a corresponding brief.

The trial court held a hearing on the petition to strike on March 12, 2020. At the conclusion of the hearing the trial court denied Appellant's petition and concluded that a COM was required. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

A. Did the trial court err when it Denied and Dismissed [Appellant's] Petition to Strike the Judgment of Non Pros, that was entered on June 17, 2019.

B. Did the trial court err when it found, that [Appellant], "suffered various medical conditions regarding his poor kidney functioning and his treatment through hemodialysis."

C. Did the trial court err when it held that based on the allegation that [Appellee] was the medical director and was responsible for the overall medical care of all the inmates where [Appellant] was incarcerated, that for [Appellant] to now claim that [Appellee] was not his physician or, conversely, that he was not [Appellee's] patient is not in accordance with the facts alleged in the complaint.

D. Did the trial court err when it held, "It is clear that we have a case filed which is a medical malpractice action filed against a doctor licensed within the Commonwealth of Pennsylvania, and therefore it is clearly a case that falls within the purview of the rule that requires [Appellant] to file a certificate of merit."

E. Did the trial court err when it held, "This [c]ourt's prior determination that a certificate of merit was required in this case, and the fact that [Appellant] did not file his certificate of merit, and then a judgment of non pros was entered, prevents [Appellant] from later raising the claim that a certificate of merit was not required under Rule 1042.6."

Appellant's Brief at 1-2.

Appellant first argues that the trial court erred in denying his petition to strike the judgment of *non pros*. Appellant's Brief at 5-6. Although Appellant

posits that the trial court erred in reaching the conclusion that a COM was required in this matter, upon review, we conclude that the order denying the petition to strike must be vacated for procedural reasons that appear on the face of the record.

In addressing whether the trial court properly denied Appellant's petition to strike the judgment of *non pros*, we apply the following well-established standard of review:

> When reviewing the denial of a petition to strike and/or open a judgment of non pros, we will reverse the trial court only if we find a manifest abuse of discretion. **Yee v. Roberts**, 878 A.2d 906, 910 (Pa. Super. 2005); **Hoover v. Davila**, 862 A.2d 591, 593 (Pa. Super. 2004). "It is well-established that a motion to strike off a judgment of non pros challenges only defects appearing on the face of the record and that such a motion may not be granted if the record is self-sustaining." **Hershey v. Segro**, 252 Pa. Super. 240, 381 A.2d 478, 479 (Pa. Super. 1977).

**Varner v. Classic Communities Corp.**, 890 A.2d 1068, 1072 (Pa. Super. 2006). In addition, we are mindful of the following:

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

**Miller v. Sacred Heart Hospital**, 753 A.2d 829, 832 (Pa. Super. 2000) (internal citations omitted).

The Pennsylvania Rules of Civil Procedure contain requirements pertaining specifically to professional-liability actions. Rule 1042.3 addresses COMs and provides in pertinent part as follows:

**Rule 1042.3.  Certificate of Merit.**

(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff … shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either:

(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

(2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa.R.C.P. 1042.3(a) (notes omitted).

Pennsylvania Rule of Civil Procedure 1042.7, which authorizes entry of

a judgment of *non pros* for failure to file a COM, provides as follows:

**Rule 1042.7.  Entry of Judgment of Non Pros for Failure to File Certification.  Form of Praecipe.**

(a) The prothonotary, on praecipe of the defendant, shall enter a judgment of non pros against the plaintiff for failure to file a certificate of merit within the required time provided that

(1) there is no pending motion for determination that the filing of a certificate is not required or no pending timely filed motion seeking to extend the time to file the certificate,

(2) no certificate of merit has been filed,

(3) except as provided by Rule 1042.6(b), the defendant has attached to the praecipe a certificate of service of the notice of intention to enter the judgment of non pros, and

(4) except as provided by Rule 1042.6(b), the praecipe is filed no less than thirty days after the date of the filing of the notice of intention to enter the judgment of non pros.

Pa.R.C.P. 1042.7.

Pa.R.C.P. 1042.6, set forth below, requires the filing of a notice of intent to enter judgment of *non pros* prior to filing the praecipe discussed in Rule 1042.7:

**Rule 1042.6.  Notice of Intent to Enter Judgment of Non Pros for Failure to File Certificate of Merit. Motion to Determine Necessity to File Certificate. Form of Notice.**

(a) Except as provided by subdivision (b), a defendant seeking to enter a judgment of non pros under Rule 1042.7(a) **shall file a written notice of intention to file the praecipe and serve it on the party's attorney of record or on the party if unrepresented**, no sooner than the thirty-first day after the filing of the complaint.

(b) A judgment of non pros may be entered as provided by Rule 1042.7(a) without notice if

(1) the court has granted a motion to extend the time to file the certificate and the plaintiff has failed to file it within the extended time, or

(2) the court has denied the motion to extend the time.

(c) Upon the filing of a notice under subdivision (a) of this rule, a plaintiff may file a motion seeking a determination by the court as to the necessity of filing a certificate of merit.  The filing

of the motion tolls the time period within which a certificate of merit must be filed until the court rules upon the motion. If it is determined that a certificate of merit is required, the plaintiff must file the certificate within twenty days of entry of the court order on the docket or the original time period, whichever is later.

Pa.R.C.P. 1042.6 (emphasis added).

As previously stated, "[A] motion to strike off a judgment of non pros challenges only defects appearing on the face of the record and … such a motion may not be granted if the record is self-sustaining." **Varner**, 890 A.2d at 1072. A record that reflects a failure to comply with the rules of civil procedure is facially defective and cannot support a default judgment. **See Fountainville Historical Farm Ass'n of Bucks County, Inc., v. Bucks County**, 490 A.2d 845, 848 (Pa. Super. 1985) (prothonotary lacks authority to enter default judgment where fatal defect appears on face of record).

Pursuant to the foregoing rules, a plaintiff's and a defendant's responsibilities are interrelated. There are two avenues by which a judgment of *non pros* may be entered: (1) upon a defendant's initiation of the two-step process in Rules 1042.6 and 1042.7, or (2) upon a plaintiff's request for extension, which is denied by the trial court, or granted but the plaintiff does not take advantage of the extension. Thus, notwithstanding the requirement of Rule 1042.3(a) to file a timely COM, there is no automatic judgment entered if a plaintiff fails to comply with the pertinent deadline.

Our review of the certified record in this matter reflects that on December 16, 2016, Appellant filed his complaint without a COM. On April 24,

2017, Appellant filed a motion for determination of whether a COM must be filed. The trial court ultimately held a hearing on Appellant's motion on February 20, 2019, and filed an order directing that Appellant was required to file a COM within sixty days. Appellant failed to file the COM.

On June 13, 2019, Appellee filed a praecipe for entry of judgment of *non pros* pursuant to Rule 1042.7. Praecipe, 6/13/19, Docket Entry 98. However, our review of the record reveals that Appellee did not file with the trial court a written notice of intention to file the praecipe as required by Rule 1042.6(a). Under Rule 1042.7(a)(3), Appellee attached to the praecipe a certificate of service of the notice of intention to enter the judgment of *non pros*, which was dated August 29, 2018. Praecipe, 6/13/19, Docket Entry 98 (Exhibit A). Nevertheless, that attachment bears no indication that the document was properly filed with the trial court. Moreover, Appellee essentially concedes this fact in his brief stating, "[Appellee] also mailed [Appellant] a Notice of Intention to Enter Judgment of Non Pros for his failure to file a Certificate of Merit on August 29, 2018." Appellee's Brief at 5. Therefore, although the record suggests that Appellee **served** Appellant with a copy of a notice of intention to file the praecipe as required by Pa.R.C.P. 1042.6(a), the record is devoid of any indication that Appellee properly **filed** the notice of intent as directed by Rule 1042.6(a). This failure by Appellee is apparent from the face of record through a simple review of the trial court's docket and pertinent documents contained in the certified record.

- 9 -

Appellee's failure to comply with the necessary rules of civil procedure by seeking entry of judgment of *non pros* prior to the filing of a notice of intent pursuant to Pa.R.C.P. 1042.6(a) created a facial defect that denied the prothonotary the authority to enter the judgment. ***Fountainville Historical Farm Ass'n of Bucks County, Inc.***, 490 A.2d at 848. Hence, we are constrained to conclude that the trial court abused its discretion in denying Appellant's motion to strike the judgment of *non pros*. Accordingly, we vacate the order and remand to the trial court for further proceedings consistent with this memorandum.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/1/2021