531 A.2d 800

**COMMONWEALTH of Pennsylvania**

v.

**Vera Marie SEIBERT, Appellant.**

Superior Court of Pennsylvania.

Submitted June 15, 1987.

Filed Sept. 29, 1987.

Craig P. Miller, Lock Haven, for appellant.

Donna L. Rae, Assistant District Attorney, Lock Haven, for Com., appellee.

Before DEL SOLE, MONTEMURO and HESTER, JJ.

DEL SOLE, Judge:

Appellant appeals the Judgment of Sentence which was imposed following her conviction by a jury of Driving Under the Influence in violation of Section 3731(a)(4) of the Vehicle Code.

In this appeal, Appellant initially asserts that the trial court erred in not dismissing the charge for which she was convicted. Appellant maintains that she was entitled to this relief because the arresting officer failed to file an affidavit of probable cause as required under Pa.R.Crim.P., Rule 134. This rule provides:

(a) In any proceeding initiated by complaint, the issuing authority shall ascertain and certify on the complaint that:

(1) The complaint has been properly completed and executed;

(2) There is probable cause for the issuance of process, in the form of an affidavit; and

(3) When prior submission to an attorney for the Commonwealth is required, that an attorney has approved the complaint.

(b) Upon ascertaining the above matters, the issuing authority shall:

(1) Accept the complaint for filing; and

(2) Issue a summons or warrant of arrest as the case may be.

Appellant contends that the complaint filed in the instant case contained a "verification" but lacked an affidavit as required by the Rule. We note from our examination of the complaint that the name John W. MacMillen appears above the line marked "Name of Affiant". The complaint also sets forth the following statement:

I, PFC John W. MacMillen verify that the facts set forth in this complaint are true and correct to the best of my knowledge, information and belief. This is made subject to the penalties of Section 4904 of the Crimes Code (18 Pa.C.S. § 4904) relating to unsworn falsification to authorities.

This language is precisely that which is required by Pa.R. Crim.P., Rule 132(1) and (9). We further note that the definitional section of the Rules of Criminal Procedure define an affiant as "any responsible person capable of taking an oath who signs, swears to, affirms *or*, when permitted by these rules, verifies a complaint and appreciates the nature and quality of that person's act." Pa.R. Crim.P., Rule 3(a) (emphasis added). Accordingly, we find no fault with the complaint filed in this case, and we therefore dismiss Appellant's claim of error.

Appellant next argues that the trial court abused its discretion in finding her competent to stand trial, in not delaying its competency determination and in not ordering a competency examination. The trial court in its Opinion dated December 9, 1986, issued in response to Appellant's Post-Verdict Motions, accurately recounts the factual cir-

cumstances surrounding this claim. These facts properly support the trial court's ruling and under the circumstances presented, we find no abuse of discretion by the trial court.

Judgment of sentence affirmed.