## CITY OF PHILADELPHIA WATER REVENUE BUREAU

v.

## TOWANDA PROPERTIES, INC., Appellant.

Commonwealth Court of Pennsylvania.

Argued June 11, 2009.
Decided July 24, 2009.

---

Anthony Bernard Quinn, Philadelphia, for appellant.

Michael V. Phillips, Philadelphia, for appellee.

BEFORE: SIMPSON, Judge, LEAVITT, Judge, FLAHERTY, Senior Judge.

OPINION BY Judge SIMPSON.

Towanda Properties, Inc. (Property Owner) appeals an order of the Court of Common Pleas of Philadelphia County (trial court) denying Property Owner's petition to strike the City of Philadelphia, Water Revenue Bureau's (Bureau) default judgment against Property Owner for unpaid water and sewer services. Property Owner argues (1) the trial court erroneously granted the Bureau permission for alternative service, (2) the Bureau did not properly serve Property Owner pursuant to the alternative service order, (3) the alternative service order violated Property Owner's due process rights, and (4) the Bureau's bad faith violations of the rules of civil procedure warrant dismissal of the complaint with prejudice. Upon review, we reverse the trial court's denial of Property Owner's petition to strike the default judgment. We remand to the trial court to address Property Owner's preliminary objections consistent with this opinion.

## I. Background

Property Owner, a Pennsylvania corporation, is the registered owner of a property (subject property) located in Philadelphia. The Bureau provides water and sewer service to the subject property and is seeking $45,987.16 in past due charges, including statutorily-allowed penalties, fines, and attorney's fees.

In April 2007, the Bureau filed a complaint against Property Owner. In June, the Bureau attempted to personally serve the complaint at the record address of Property Owner's principal corporate office (principal address) pursuant to Pa. R.C.P. No. 402. The process-server was unable to serve Property Owner and noted the building at the location appeared to be abandoned.

In October, the Bureau made three further unsuccessful attempts to personally serve the complaint on Property Owner at the subject property, finding the property under construction with no sign of people coming or going from the premises. Following these unsuccessful attempts to personally serve Property Owner, the Bureau moved for alternative service pursuant to Rule 430. The trial court granted the motion and permitted service by (1) regu-

lar mail to Property Owner's principal address, (2) regular mail to a post office box listed as Property Owner's mailing address in the City of Philadelphia Board of Revision of Taxes list, and (3) by posting at the subject property. Subsequently, the Bureau offered proofs of service in accordance with the alternate service order.

Property Owner filed no answer to the Bureau's complaint. On January 15, 2008, the Bureau filed a praecipe to enter default judgment. Two days later, on January 17, 2008, Property Owner filed preliminary objections alleging inadequate service of process and filed a petition to strike the default judgment, which the trial court denied. This appeal followed.

Property Owner argues: the trial court erred by refusing to strike or open the default judgment; the trial court's alternative service order was not an adequate substitute for legal notice; service pursuant to the alternative service order violated Property Owner's due process rights; and, the complaint should be dismissed due to the Bureau's bad-faith noncompliance with the Pennsylvania Rules of Civil Procedure.

## II. Petition to Strike the Default Judgment

■ To obtain relief from the entry of a default judgment, the law provides two distinct remedies. An aggrieved party may file a petition to strike a default judgment or a petition to open a default judgment, but the remedies are not interchangeable. *Cintas Corp. v. Lee's Cleaning Serv., Inc.*, 549 Pa. 84, 700 A.2d 915 (1997). A petition to strike operates as a demurrer to the record and does not involve the discretion of the court. *Id.* As such, the court may only look to the facts of record at the time the judgment was entered to decide if the record supports the judgment. *Id.* A petition to strike can only be granted if a fatal defect appears on the face of the record. *Id.*

■ In contrast, a petition to open judgment is an appeal to the court's equitable powers. *Id.* It is committed to the sound discretion of the court and will not be disturbed absent a manifest abuse of discretion. *Id.* To be successful, a petition to open a judgment must meet the following test: the petition must be promptly filed; the failure to appear or file a timely answer must be excused; and, the party seeking relief must show a meritorious defense. *Id.* A party seeking to challenge the factual averments in the record at the time the judgment was entered must file a petition to open the judgment. *Id.*

■ Here, the only petition before the trial court was Property Owner's unverified petition to strike the default judgment.[1] *See* Pa. R.C.P. No. 206.3 (petitions containing allegations of fact not of record shall be verified).

---

1. Property Owner maintains its filing of preliminary objections following the Bureau's entry of default judgment preserved its right to seek the opening of the judgment. We disagree.

The first condition a defendant must establish when seeking to open a default judgment is to promptly file *a petition to open the default judgment. Cintas;* Pa. R.C.P. No. 206.1(2)(b) (petition to open judgment shall specify relief sought). Property Owner never did this; therefore, it cannot argue the trial court erred by refusing to open the judgment. Property Owner presented the trial court with a petition to strike, not a petition to open, and the trial court did not err by examining only the evidence in the record at the time of the entry of default judgment. If a defendant seeks to challenge a default judgment based on facts outside the record, he must file a petition to open, not a petition to strike. *Resolution Trust Corp. v. Copley Qu–Wayne Assocs.*, 546 Pa. 98, 683 A.2d 269 (1996).

1248

## A. Alternative Service Order

Property Owner attacks the trial court's rationale for issuing a special order permitting alternative service. Property Owner argues (1) defects in the Bureau's returns of non-service precluded permitting alternative service, (2) the Bureau's failure to include an affidavit of good-faith investigation precluded permitting alternative service, (3) the alternative service order violated Property Owner's due process rights, and (4) the Bureau's bad-faith violations of the Rules of Civil Procedure warrant dismissing the complaint with prejudice. Property Owner maintains the alternative service order constitutes a fatal error on the record warranting striking the default judgment. For the following reasons, we discern no error in the trial court's order granting permission for alternative service.

### 1. Returns of Non–Service

■ We first address whether the record contained evidence of the Bureau's attempts to personally serve Property Owner at the time the trial court ordered alternative service. Property Owner argues the docket contains no entries reflecting the Bureau's unsuccessful attempts at service and thus the record before the trial court was insufficient to compel an order permitting alternative service.

When a process-server is unable to personally serve a defendant, the Rules of Civil Procedure require a return of non-service to be filed with the prothonotary. Pa. R.C.P. No. 405(e). Here, the docket contains no entries reflecting a return of non-service prior to the trial court's order permitting alternative service. *See* R.R. at 1a–4a. However, in *Knickerbocker Russell Co. v. Crawford,* 936 A.2d 1145 (Pa.Super.2007), the Superior Court, interpreting Rule 405(e), held a defect in the return of service did not necessarily render a default judgment invalid. There, the process-server failed to file a return of service until 10 days after the entry of default judgment. Subsequently, the defendant sought to strike the default judgment based on this irregularity. The Superior Court disagreed and concluded so long as the prothonotary possessed sufficient information to conclude the service was proper, no fatal defect appeared on the record.

Here, though the process-servers apparently failed to file returns of no-service with the prothonotary, the Bureau's motion for alternative service included an explanation of the unsuccessful attempts at service and included the process-servers' affidavits of non-service. R.R. at 17a–18a. Thus, the trial court had sufficient information to conclude the Bureau made several unsuccessful attempts to serve Property Owner. In the absence of some suggestion of prejudice, the Bureau's minor deviation from Rule 405(e)'s return of non-service requirement did not constitute a fatal error warranting striking the default judgment.

### 2. Good–Faith Investigation

■ Next, we must determine whether the Bureau's motion for alternative service contained a sufficient description of its good-faith investigation into Property Owner's whereabouts.

Rule 430(a) requires a motion for alternative service to include "an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made." The Superior Court illustrated examples of a good-faith investigation in the context of serving an individual defendant as including inquiries of postal authorities; inquiries of relatives, neighbors, friends, and employers; and examinations of local telephone directories, voter registration records, local tax records, and motor vehicle records. *Deer Park Lumber, Inc. v. C.B.*

*Major*, 384 Pa.Super. 625, 559 A.2d 941 (1989). Though not providing an exhaustive list, the Superior Court made clear a good-faith investigation requires "more than a mere paper search" before a court may enter a special order permitting alternative service. *Id.* at 946.

Here, the trial court did not abuse its discretion when it concluded the Bureau's motion for alternative service contained an adequate description of its good-faith investigation into Property Owner's whereabouts.

■ First, we note the Bureau's motion did not contain a separate affidavit describing its efforts at good-faith investigation. Nonetheless, we conclude this is not a fatal defect because the Bureau's attorney provided a description of his investigation coupled with a signed verification subject to the criminal penalties for unsworn falsifications to authorities. *See* Supplemental Reproduced Record (S.R.R.) at 5b; Pa. R.C.P. No. 76, Explanatory Comment—1981 (permitting a verification to be used in lieu of an affidavit sworn or affirmed before a notary); *Commonwealth v. Seibert*, 366 Pa.Super. 525, 531 A.2d 800 (1987); *Gallman v. Martin*, 889 A.2d 649 (Pa.Cmwlth.2005).

■ Next, we examine whether the motion for alternative service provided sufficient information to permit the trial court to find the Bureau satisfied its duty of good-faith investigation. Whether a party acted in good faith is a question for the fact-finder, in this instance, the trial court. *Pavex, Inc. v. York Fed. Sav. & Loan Ass'n*, 716 A.2d 640 (Pa.Super.1998). We may only disturb the trial court's finding of good faith if the evidence of bad faith is so overwhelming that "no two reasonable minds could disagree that the outcome should have been rendered in favor of the movant." Id. at 646 (citation and internal quotations omitted).

The Bureau's attorney described his investigation as including an examination of Property Owner's corporate filing with the Commonwealth, an examination of information on file with the City of Philadelphia Board of Revision of Taxes, and internet research including internet telephone directories. S.R.R. at 3b. These steps are sufficiently related to the examples described by the Superior Court in *Deer Park Lumber*. Also, they provide enough evidence of good faith for us to conclude the trial court did not abuse its discretion in determining the Bureau satisfied its duty of good-faith investigation. Deer Park Lumber; *Pavex*.

### 3. Due Process

Property Owner asserts the trial court violated its due process rights by allowing alternative service at a location the Bureau affirmed Property Owner could not be found. Property Owner again asserts the Bureau failed to undertake a good-faith investigation as to Property Owner's whereabouts before moving for alternative service. Property Owner insists that without this investigation, the trial court's order granting permission for alternative service does not pass constitutional muster. We disagree.

In *PNC Bank v. Unknown Heirs*, 929 A.2d 219 (Pa.Super.2007), the Superior Court addressed whether an order permitting alternative service failed to satisfy the requirements of due process. In that case, a mortgagee sought foreclosure against a deceased mortgagor, his unknown heirs, and other parties with potential interests in the property. The mortgagee moved for alternative service, averring a diligent yet unsuccessful search for information regarding the mortgagor's successors in interest. The trial court granted the mortgagee's motion and permitted alternative service by certified and first-class mail to the mortgaged premises, publication, and

posting at the mortgaged premises. The mortgagee made service in accordance with the trial court's order and subsequently obtained a default judgment of foreclosure on the deceased mortgagor, his unknown heirs and assigns, and other parties with potential interests in the property.

Some months later, a successor in interest to the deceased mortgagor petitioned the trial court to open the default judgment. On appeal after the petition was denied, and the Superior Court reversed based on the inadequacy of the alternative service. The Court concluded the trial court authorized inadequate methods of alternative service because, despite the mortgagee's affidavit of good-faith investigation, the record indicated a known, potential heir. Accordingly, the methods of alternative service did not satisfy the requirements of due process because, clearly, the method of alternative service most reasonably calculated to notify a potential party would include personal service upon a known, potential heir.

The current case is distinguishable. First, we emphasize the trial court's limited consideration of a petition to strike a default judgment. A petition to strike operates as a demurrer to the record and does not involve the discretion of the court. *Cintas*. As such, the trial court may only look to the facts of record at the time the judgment was entered to decide if the record supports the judgment. *Id.*

██ Here, unlike in *PNC Bank*, the record did not contain evidence of an operative mailing address for Property Owner, nor of the identity of its corporate officers. Instead, the Bureau sought, and the trial court permitted, alternative service reasonably calculated to apprise Property Owner of the Bureau's complaint. Absent record evidence of an operable mailing address or the identity of Property Owner's corporate officers, we cannot conclude the trial court's order permitting alternative service violated Property Owner's due process rights.

## 4. Dismissal of Complaint

Finally, Property Owner asserts the trial court should have dismissed the Bureau's complaint with prejudice because the Bureau "intentionally withheld mailing [the notice of intention to file a praecipe for entry of default judgment] to the address of the subject property where it averred water and sewer service was currently being provided. This conduct demonstrated an intent to stall the judicial machinery set in motion; and warrants dismissal of this case." Appellant's Br. at 34.

The Bureau likewise alleges misconduct on the part of its opponent. The Bureau describes Property Owner's repeated challenges to the lack of an affidavit of good-faith investigation as "no more than a deliberate attempt to mislead this Court." Appellee's Br. at 7. The Bureau goes on to accuse Property Owner of deliberately concealing its whereabouts and describes its opponent's actions as "highly improper and further exemplify[ing] their bad faith attempts to evade service of process." Appellee's Br. at 10.

In setting forth the standard for dismissal of a complaint for failure to comply with the Rules of Civil Procedure, our Supreme Court made clear that the inquiry into a litigant's good faith is factual and belies any objective bright-line distinctions. *McCreesh v. City of Phila.*, 585 Pa. 211, 888 A.2d 664 (2005). As previously discussed, evaluation of the parties' good faith is committed to the sound discretion of the trial court. *Pavex.* Here, the evidence of bad faith is insufficient for us to overturn the trial court's refusal to dismiss the Bureau's complaint with prejudice.

### 5. Conclusion

Based on the foregoing, we discern no error in the trial court's granting of the Bureau's motion for permission for alternative service.

### B. Service Pursuant to Alternative Service Order

Property Owner asserts two fatal errors of the Bureau to comply with the trial court's order permitting alternative service—errors sufficient to divest the prothonotary of authority to enter default judgment. First, the Bureau failed to allow sufficient time for the completion of alternative service by ordinary mail and thus prematurely sought a default judgment. Second, the process-server returned a deficient affidavit of service by posting because it failed to identify posting at the most public part of the property.

■ We conclude that the Bureau did not allow adequate time for service by ordinary mail to complete; therefore, it prematurely sought the entry of default judgment against Property Owner. This error constitutes a fatal error that warrants striking the default judgment. Because of this determination, we do not reach the issue of service by posting.

Property Owner challenges the Bureau's compliance with service by ordinary mail. Specifically, Property Owner asserts Rule 403 considers such service complete only when the mail is not returned to sender within 15 days after mailing. Pa. R.C.P. No. 403(1). By considering ordinary mail service complete on the date of sending, the Bureau took the next step in the default judgment process too soon. Thus, the Bureau mailed its Rule 237.1 notice of intention to file a praecipe for entry of default judgment prematurely. Property Owner's premise is that the Rule 403 requirements for service by mail remain applicable where, as here, service by ordinary mail is permitted by a special order pursuant to Rule 430(a) rather than by Rule 403 itself.

The Bureau responds by asserting it fully complied with the trial court's order permitting alternative service and it was not required to serve Property Owner pursuant to Rule 403. The Bureau interprets service pursuant to a Rule 430(a) special order of court as relieving it of service requirements under other applicable rules of civil procedure. The Bureau argues the purpose of Rule 430(a) is to provide for service by special order where service pursuant to Rules 400–425 cannot be made. *See* Pa. R.C.P. No. 400, Explanatory Comment. Accordingly, the Bureau should not be required to comply with Rule 403 where the trial court orders alternative service pursuant to Rule 430(a), because such an order is predicated on the impossibility of service under Rules 400–425.

In accordance with the trial court's order permitting alternative service, the Bureau served Property Owner by ordinary mail sent to the principle address and to the subject property on December 5, 2007. R.R. at 24a.

Considering service complete on mailing and the Property Owner in default 20 days thereafter, the Bureau mailed a notice of intention to file a praecipe for entry of default judgment to the principal address and to the subject property on December 28, 2007. R.R. at 26a; *see* Pa. R.C.P. No. 1026 (providing a defendant with 20 days to file a responsive pleading following the completion of service).

This Court has not yet addressed the question presented here. However, the Court of Common Pleas of Allegheny County, speaking through the Honorable R. Stanton Wettick, Jr., disposed of this issue in a comprehensive and well-reasoned opinion, the reasoning of which we now adopt.

In *Tedesco Manufacturing. Co. v. Parts & Battery Warehouse, Inc.,* 49 Pa. D. & C.3d 160 (C.P.Allegheny1987), Judge Wettick held that where service of a complaint by ordinary mail is authorized by an order of court, the service is not complete until the requirements of Rule 403 (service by mail) are met. Specifically, the court concluded service by ordinary mail, as authorized by an order permitting alternative service, was not complete until 15 days after mailing. The court concluded Rule 403 dictates the requirements for service by ordinary mail whether service is made pursuant to a rule of civil procedure or a court order. Judge Wettick reasoned:

> [I]f the complaint had been served by ordinary mail pursuant to a rule of civil procedure authorizing original process to be served by mail, under rule 403(1) service would not be complete until 15 days after mailing. *There is no basis for reaching a different result merely because service by ordinary mail was permitted by order of court as opposed to a rule of civil procedure.* Both situations raise the identical issue—when is service by regular mail deemed to be complete for purposes of rules 1026 and 237.1.
>
> Thus, the rule of civil procedure that addresses this issue should control.

*Id.* at 163–64 (emphasis added). By not allowing 15 days for the completion of service by ordinary mail, the plaintiff sent his Rule 237.1 notice of praecipe for entry of judgment prematurely, warranting the striking of the default judgment.

We reach the same conclusion here. The Bureau served Property Owner by ordinary mail sent December 5, 2007. This service was complete 15 days later, December 20. There was no default until 20 days after the completion of service, January 9, 2008. Thus, the Bureau could not mail its notice of intention to file a praecipe for entry of default judgment un-til January 10, and it could not file a praecipe for default judgment until 10 days after mailing the notice, January 20.

The Bureau's notice of intention to file a praecipe for entry of default judgment dated December 28 and the prothonotary's January 15 entry of default judgment were premature. R.R. at 26a.1; 2a. Therefore, the trial court erred by refusing to grant Property Owner's petition to strike the default judgment.

## III. Conclusion

In summary, we discern no error in the trial court's order permitting alternative service. However, the Bureau did not allow sufficient time for service by ordinary mail to complete, and it prematurely sent a notice of intention to file a praecipe for entry of default judgment which led to the premature entry of default judgment. Accordingly, we must reverse the trial court's denial of Property Owner's petition to strike the default judgment.

January 20, 2008, was the first day the Bureau could obtain a default judgment. Property Owner filed preliminary objections to the Bureau's complaint on January 17. R.R. 28a. These preliminary objections are limited to service issues. When this matter returns to the trial court, these preliminary objections must be resolved. The trial court will be bound by our determinations here, which resolve the majority of service issues raised.

However, paragraph 12 of the preliminary objections states, "[Property Owner] is in actual possession of the [subject property] at all times, and the [subject property] was not posted on December 7, 2007 or at any other time." R.R. at 30a. Property Owner supports this factual assertion with the verified statement of Michael McAnally, a purported officer of Property Owner. R.R. at 39a. This raises an issue of fact for the trial court to resolve pursu-

ant to Pa. R.C.P. No. 1028(c)(2) and Phila.Civ.R. *1028(c).

### *ORDER*

AND NOW, this 24th day of July, 2009, the order of the Court of Common Pleas of Philadelphia County (trial court) is **RE-VERSED.** We **REMAND** for proceedings in accordance with this opinion. The trial court shall **STRIKE** the default judgment and address Towanda Properties, Inc.'s (Property Owner) outstanding preliminary objections.

Jurisdiction relinquished.