J. A11014/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

STEWART TITLE GUARANTY COMPANY  :    IN THE SUPERIOR COURT OF
            :               PENNSYLVANIA
         v.          :
            :
PATRICK T. CARNEY AND      :
CHRISTINE CARNEY, H/W,     :      No. 1652 EDA 2014
            :
         Appellants  :

Appeal from the Order Entered May 29, 2014,
in the Court of Common Pleas of Delaware County
Civil Division at No. 12-3137

BEFORE:  FORD ELLIOTT, P.J.E., OLSON AND WECHT, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED JUNE 03, 2015**

Appellants appeal the order denying their petition to open and/or strike judgment.  Finding no merit in the issues on appeal, we affirm.

Appellants owned property at 602 Lilac Way in Media.  The property was subject to two mortgages, in the amounts of $70,000 and $304,000, given to Commerce Bank ("Commerce") to secure two lines of credit.  Subsequently, appellants sought an additional mortgage on the property from Wachovia Mortgage Corporation ("Wachovia") in the amount of $348,000.  Appellants were required to satisfy the Commerce loans in order to secure Wachovia's position as first lienholder.  Instead of closing and cancelling the Commerce lines of credit, the appellants instead continued to draw on those lines of credit, which continued to be secured by the property.

Consequently, Wachovia was not first lienholder. As a result, the property was insufficient to satisfy the Commerce and Wachovia mortgages. Appellee was the title insurance company that issued the policy that insured Wachovia's first lienholder position. Ultimately, appellee suffered a loss of $348,000.

On April 12, 2012, appellee filed a two-count complaint averring that appellants had committed fraud. Over the next several months, appellants filed various pleadings that bore the legend "Jury Trial Demanded" in their captions. Nonetheless, the trial court scheduled a non-jury trial that was to commence on December 11, 2013. On December 10, 2013, appellants filed a motion to dismiss the complaint on the basis of fraudulent pleading, asserting that the $70,000 Commerce loan had been satisfied on April 18, 2011. Appellants attached to the motion, as an exhibit, a photocopy of a document purporting to be a satisfaction of mortgage. Trial commenced as scheduled the following day. Appellants failed to appear. Prior to taking evidence, the trial court dismissed appellants' motion to dismiss as no one appeared to argue the motion.

Ultimately, on December 18, 2013, the trial court entered judgment in favor of appellee in the amount of $348,000. On December 30, 2013, appellants filed a motion for reconsideration that was denied on January 29, 2014. Eventually, on February 28, 2014, appellants filed the instant petition

to open and/or strike judgment. A hearing was held on April 29, 2014, and the motion was denied on May 29, 2014. This timely appeal followed.

Appellants raise the following issues on appeal:

I.      Did The Trial Court Abuse Its Discretion In Denying The [Appellants'] Petition To Open and/ or Strike Judgment By Failing To Recognize Or Ignoring A Fatal Defect That Appeared In The Public Record?

II.     Did [the] Trial Court Abuse Its Discretion And Thereby Violate Appellants' Rights To Due Process By Not Conducting A Jury Trial As Demanded, and, Failing To Issue A Written Order And Thereby Failing To Provide Notice When It Denied Appellants['] December 10, 2013 Motion?

III.    Did The Trial Court Commit An Error Of Law By Failing To Enforce Pa. Statutes R.C.P. 1024(a) and 2002(a) And Abuse Its Discretion By Failing To Recognize Fraud Upon The Court As Evidenced By False Documents Submitted To The Court And Recorded By The Appellee?

Appellants' brief at 5.

We find no error with the trial court's ruling. After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the trial court, it is our determination that there is no merit to the questions raised on appeal. Judge Christine Fizzano Cannon's thorough, nine-page opinion, filed on August 5, 2014, comprehensively discusses and properly disposes of the questions presented. We will adopt it as our own and affirm on that basis with the following additional analysis.

To the extent that appellants argue under issues one and three that the alleged satisfaction of mortgage constitutes a defect appearing on the face of the record such that the judgment should be stricken, we find that the satisfaction of mortgage does not appear on the face of the record. The "record" in this usage does not refer to the public record as appellants appear to believe, but rather to the record of this particular case. The only appearance of the satisfaction of mortgage in the record of this case is as a photostatic copy attached to the motion to dismiss filed on December 10, 2013. As such, it constitutes mere hearsay. Appellants needed to present, at either the original December 11, 2013 hearing or at the April 29, 2013 hearing on the motion to open and/or strike judgment, a copy of the document together with the testimony of an official from the Recorder of Deeds who could authenticate the document and render it admissible under the business record exception to the hearsay rule. *See* Pa.R.E., Rule 803(6), 42 Pa.C.S.A. Appellants failed to appear at the December 11, 2013 hearing. Appellant Patrick Carney appeared at the April 29, 2014 hearing, but could only testify as to his own knowledge of the public record and did not present a copy of the document or any valid authentication testimony. (Notes of testimony, 4/29/14 at 7-8.) As it stands, there is no satisfaction of mortgage appearing on the face of the record of this case and no basis for striking the judgment.

J. A11014/15

To the extent that appellants complain that they have been denied their due process rights to notice and to be heard, as a result of the trial court ruling from the bench as to their December 10, 2013 motion to dismiss, we find no prejudice. Appellants contend that the failure to reduce the ruling to a written order denied them notice and an opportunity to respond. We find that appellants had notice of the December 11, 2013 hearing and that that hearing was their opportunity to be heard. Appellants voluntarily chose to forego attending that hearing and cannot be heard to complain now.

Accordingly, we will affirm the order denying appellants' petition to open and/or strike judgment.

Order affirmed.


Wecht, J. joins the Memorandum.

Olson, J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2015

- 5 -

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CIVIL DIVISION**

| | |
|---|---|
| STEWART TITLE GUARANTY | : NO. 12-003137 |
| | : |
| v. | : |
| | : |
| PATRICK T. CARNEY and CHRISTINE CARNEY | : |

HONORABLE CHRISTINE FIZZANO CANNON    FILED: August 4, 2014

OPINION

Patrick T. Carney and Christine Carney (hereinafter "Defendants") appealed this Court's May 28, 2014 Order denying their Petition to Open and/or Strike Judgment entered in favor of Stewart Title Guaranty. The underlying Judgment was entered by this Court on December 16, 2013 after conducting a non-jury trial on Plaintiff's Complaint and Defendants' Counterclaim, at which trial the Defendants failed to appear despite proper notice.

Stewart Title Guaranty (hereinafter "Plaintiff") filed a two-count Complaint on April 12, 2012 against Patrick T. Carney and Christine Carney. The Complaint alleged, *inter alia*, that the Defendants, on February 10, 2004, submitted an application for a residential loan from Wachovia Mortgage in the amount of $348,000.00 for property located at 602 Lilac Way, Media, Delaware County, Pennsylvania, 19063. At the time the mortgage application was submitted, the Defendants had two lines of credit with liens existing against the Lilac Way real estate. Both lines of credit were issued by Commerce Bank in the amounts of $70,000.00 and $304,000.00, respectively. On May 7, 2004, it is alleged that the new loan

1

to Wachovia closed and that the loans from Commerce Bank (the two equity lines) were paid in full. However, to fully satisfy the two Commerce Bank loans, and cause the two Commerce Bank liens to be removed against the property, written instructions needed to be delivered from the Defendants to Commerce Bank cancelling and terminating the Commerce Bank equity lines. Plaintiff alleged that the Defendants failed to cancel and rescind the two equity lines with Commerce, and alleged that after the May 7, 2004 settlement on the Wachovia loan that paid off the Commerce Bank equity line loans, Defendants commenced borrowing against the same Commerce equity lines. Ultimately, the Defendants defaulted on the Wachovia mortgage and Wachovia discovered the priority Commerce liens and outstanding balances owed on the equity lines it believed had been cancelled and rescinded when Wachovia issued its loan. Wachovia contacted Plaintiff to fulfill the terms of its title insurance issued at the May 7, 2004 settlement. Plaintiff alleged it was forced to satisfy the two Commerce loans for the sum of $348,000.00 and also alleged that it became the assignee of the Commerce loans.

The Defendants are self-represented litigants in this matter. The Defendants have also defended themselves, without legal counsel, in other proceedings in Delaware County and the Superior Court of Pennsylvania, including foreclosure on the underlying Wachovia note in Wachovia v. Patrick and Christine Carney, 2260 EDA 2013, and foreclosure on other properties owned by the Carneys at HSBC Bank v. Patrick Carney, 1335 EDA 2013 and 125 EDA 2014.

In this matter, the Defendants responded to the Complaint by filing five (5) Motions to Dismiss the Complaint (May 8, 2012, June 13, 2012, September 9, 2012 January 3, 2013

2

and May 15, 2013). Finally, on August 29, 2013, the Defendants filed an Answer with New Matter and Counterclaim to Plaintiff's Complaint.

This case was assigned to this Court on July 15, 2013 and, on July 24, 2013, the Court advised the parties that this matter was scheduled for a non-jury trial for its November 12, 2013 through December 6, 2013 trial term.[1] On November 14, 2013, this Court further specifically advised the parties in writing that the non-jury trial would be commenced on the date certain of Wednesday, December 11, 2013, at 9:30 a.m., in Courtroom 8.

On September 27, 2013, the Defendants filed a sixth Motion to Dismiss, which this Court denied on October 29, 2013. On October 2, 2013, Plaintiff filed a Motion to Compel Answers to Discovery and to Deem Requests for Admissions to be Admitted due to the failure by the Defendants to file answers to either. On October 29, 2013, this Court entered an Order compelling the Defendants to answer Plaintiff's Interrogatories and Request for Production of Documents within ten (10) days and also deemed Plaintiff's Request for Admissions "admitted" due to Defendants' failure to respond. On November 7, 2013, the Defendants responded with a Motion to Reconsider this Court's October 29, 2013 Order. Plaintiff, thereafter, filed a Motion for Sanctions. This Court, on December 3, 2013, denied the Motion for Reconsideration and granted the Motion for Sanctions, specifically ordering the Defendants to answer all discovery within five (5) days of the Court Order or, if they failed to so respond, be prohibited from offering evidence and testimony at trial that would be deemed responsive to the Interrogatories and Requests for Documents.

---

[1] This notice to the litigants/counsel by this Court also required, *inter alia*, that discovery be completed four weeks prior to the trial term, that a trial memorandum be submitted to the court two weeks prior to the trial term, that all motions in limine and expert reports be submitted to the court two weeks prior to the trial term. Defendants did not comply with any of these requirements, but rather, filed a seventh Motion to Dismiss the day before the scheduled trial.

On December 10, 2013, the day before trial, the Defendants filed a seventh Motion to Dismiss. Trial commenced on December 11, 2013, and the Defendants failed to appear for trial and failed to contact chambers or Court Administration regarding their unavailability. Prior to commencing testimony, this Court placed on the record that the seventh Motion to Dismiss filed by the Defendants was dismissed after Court review. Plaintiff, Stewart Title Guaranty, appeared and presented three (3) witnesses in support of its Complaint: Mark Borst, vice president and regional claims counsel for Stewart Title Guaranty, William Printz, the manager of the Media branch of TD Bank, the successor to Commerce Bank, and Steven Wooldridge of Golden Abstract Title Company. The Plaintiffs introduced into the record twenty-two (22) exhibits (including the Request for Admissions that had been deemed admitted), which supported all averments in the Complaint and the improper conduct of Patrick T. Carney and Christine Carney as borrowers.

This Court entered an Order on December 16, 2013 awarding judgment in favor of Stewart Title Guaranty and against Patrick T. Carney and Christine Carney, jointly and severally, in the amount of $348,000.00 plus interest, entering judgment in favor of Plaintiff on Defendants' Counterclaim and noting Patrick T. Carney's and Christine Carney's failure to appear at trial. This Court's order was docketed on December 18, 2013.

On December 30, 2013, Defendants filed a Motion for Reconsideration, which fell within the ten (10) day civil post-trial motion deadline. Pa.R.Civ.P. 227.1 (c)(2). The Defendants alleged that this Court had not considered or otherwise disposed of their December 10, 2013 Motion to Dismiss, and that the Court had erred by not dismissing the case in its entirety, or postponing the December 11, 2013 trial date. The Defendants averred that genuine issues of material fact existed and that this Court erred in awarding

4

judgment to Plaintiff, as it represented an unjust enrichment and would constitute a "double payment" of an obligation that had been satisfied three (3) years earlier. The Defendant never alleged in their Motion for Reconsideration that they objected to a "non-jury" trial in this matter. Plaintiff filed an Answer to the Defendants' Motion for Reconsideration on January 14, 2014. This Court entered an Order on January 28, 2014 denying the Defendants' Motion for Reconsideration.

The Defendants never appealed this Court's Order of December 16, 2013 (docketed December 18, 2013). Rather, seventy-two (72) days after the Order was docketed, on February 28, 2014, the Defendants filed a Petition to Open and/or Strike Judgment and Request for Oral Argument. That application was answered by Plaintiff on March 19, 2014 and this Court conducted a hearing on April 19, 2014. Patrick Carney appeared at the hearing on his own behalf and Christine Carney did not appear. At the hearing, Patrick Carney argued that this Court erred in conducting the non-jury trial on December 11, 2013 because: 1) the Defendants had demanded a jury trial[2]; 2) Patrick and Christine Carney were not responsible for the failure to satisfy the Commerce lines of credit; and 3) the Defendants did not expect trial to commence on December 11, 2013 due to their filing the Motion to Dismiss on December 10, 2013. This Court, on May 28, 2014, denied the Petition to Open and/or Strike Judgment. The May 28, 2014 Order is the subject of this Appeal.

---

[2] Notably, the Defendants never alleged in their Motion to Reconsider the non-jury decision that they objected to a non-jury trial being held as opposed to a jury trial. After a case is brought to verdict, by judge or by jury, a party must file a post-trial motion to preserve the issues that party desires to raise on appeal. Chalkey v. Roush, 569 Pa. 462, 496 (2002); DeLage Landen Financial Services v. Rovner Allen, 85 Bucks Co. L. Rep. 983 (2012). The issues not raised in the post-trial motion are waived. Chalkey, 569 Pa. at 496. As such, had the Defendants appealed the non-jury trial verdict, which they did not, their failure to raise the issue of failure to hold a jury trial instead of a non-jury trial would have been waived in that appeal.

On appeal, Defendants complain that this Court erred in failing to conduct a jury trial and erred in dismissing the December 10, 2013 Motion to Dismiss at trial on the record without separate notice to the Defendants. Notably, the Defendants make no reference to their Petition to Open and/or Strike Judgment in their Statement of Matters Complained Of On Appeal and Defendants make no claim that they met the legal standard to strike or open the judgment.

Had Defendants made a claim that they had established the criteria necessary to warrant that the judgment in this matter be opened or stricken, such an argument would fail on the merits. The remedies to petition to strike a default judgment or to open a default judgment are distinct. City of Philadelphia Water Revenue Bureau v. Towanda Properties, Inc., 976 A.2d 1244, 1247 (Pa. Cmwlth. Ct. 2009). "A petition to open a default judgment is an appeal to the court's equitable powers which is committed to the sound discretion of the court and will not be disturbed absent a manifest abuse of discretion." Id. "To be successful, a petition to open a default judgment must meet the following test: the petition must be promptly filed; the failure to appear or file a timely answer must be excused; and, the party seeking relief must show a meritorious defense." Id.; Smith v. Friends Hospital, 928 A.2d 1072, 1074 (Pa. Super. 2007), Mothers Restaurant, Inc. v. Krystkiewicz, 861 A.2d 327, 336 (Pa. Super. 2004). A petition to strike may be granted only if a fatal defect or irregularity appears on the face of the record. First Union National Bank v. Portside Refrigerated Services, Inc., 827 A.2d 1224, 1227 (Pa. Super. 2003). A petition to strike operates as a demurrer on the record and does not involve the discretion of the court. City of Philadelphia Water Revenue Bureau, 976 A.2d at 1247. A court shall only look at the

6

record and a petition to strike can be granted only if a fatal defect appears on the face of the record. Id.

This case was assigned to this trial court on July 15, 2013. This Court promptly, on July 24, 2013, advised the parties that this matter was scheduled as a non-jury trial for its November 12, 2013 through December 6, 2013 trial term. Following this notice, the Defendants never objected to the type of trial for which this matter was assigned and never contacted this Court's clerk or chambers to allege that the matter should have been assigned for a jury trial. As stated previously, on November 14, 2013, this Court further specifically advised the parties in writing that the non-jury trial would be commenced on Wednesday, December 11, 2013 at 9:30 a.m. in Courtroom 8. Again, the Defendant did not object to the trial format and did not contact this Court's clerk or chambers to indicate that they did not desire a non-jury trial or that they wanted a jury trial. Defendants filed a Motion to Dismiss the day before the trial and never mentioned in their Motion their belief that the matter should be scheduled for a jury trial. The Defendant, Patrick Carney, admitted during the April 29, 2014 hearing before this Court, that he had notice of this Court's December 11, 2013 trial date and that he simply failed to appear. Notes of Testimony, 4/29/14, p. 29-32. Patrick Carney testified that he thought that the filing of the Motion to Dismiss on December 10, 2013 would postpone the trial that was scheduled for the next day. Id. at 30-32.[3] The non-jury trial went forward as Defendant admittedly, intentionally, simply ignored the notice of the Court to appear for a non-jury trial. The Defendant never appeared to state to the Court his preference for the jury trial and never

---

[3] Self-representation does not entitle a litigant to leniency and does not give a litigant a license not to comply with relevant rules of procedure and substantive law. Jones v. Rudenstein, 401 Pa. Super 400, 404, 585 A.2d 520, 522 (1991) (quoting Farretta v. Caikfornia, 422 U.S. 806, 834 n. 46, 95 S. Ct. 2525, 2540 n. 46 (1995)).

7

bothered to contact the Court by telephone or otherwise to note his request for a jury trial or his objection to a non-jury trial. This Court finds no defect in the record to sustain the Petition to Strike Judgment. Patrick Carney and Christine Carney received full and proper notice of all the trial dates and elected on their own not to appear. The Defendants were provided with the phone number for the Court's chambers on the hearing notices and regularly filed motions and petitions in this matter asserting and defending their rights. The Defendants did not request, nor did they receive, any written, verbal or other instruction not to appear in court on December 11, 2013. Defendants had an opportunity to appear and alert the Court to any objection they had to the format of the trial and they did not do so.

This Court further finds that the Defendants waited seventy-two (72) days from the date the December 16, 2014 Order was docketed to file their Petition to Open and/or Strike the Judgment. Defendants offered no excuse for their delay. Defendants, therefore have failed to establish that the Petition to Open the Judgment was brought in a timely manner.

In addition, the Defendants did not establish a sufficient excuse for their failure to appear at the trial, as noted above, and the Petition to Open Judgment failed on this basis as well. Moreover, this Court would have willingly heard from and accommodated the Defendant on the day the non-jury trial was scheduled if he wanted to note to the Court at that time that a jury trial was demanded and was his preference. However, Patrick and Christine Carney failed to appear at the scheduled trial and did not object and/or request a jury panel despite this Court's non-jury scheduling notices. Each of this Court's trial terms are comprised of jury and non-jury proceedings and adequate and prompt impaneling could have occurred. Pa.R.Civ.P. 218(b) authorizes a court to proceed to trial if a Defendant is not ready with satisfactory excuse and Plaintiff so demands. Lovering v. Erie Inden. Co., 1925

8

A.2d 365 (Pa 1963). In fact, the Motion for Reconsideration filed on December 30, 2013 by Patrick and Christine Carney failed to complain about the lack of jury trial and the Defendant failed to appeal the decision in the non-jury trial. The first time that the Defendant objected to the format of the trial was in the Petition to Open/Strike Judgment. The Court does not address the claim of the Defendants that they had a meritorious defense to the underlying claim as Defendants have clearly failed to demonstrate that the Petition to Open/Strike Judgment was timely filed and have failed to establish a reasonable excuse for their failure to appear at the non-jury trial that was held.

In this matter, the record establishes that the Defendants were attempting to avoid and/or delay trial. The Defendants acknowledge receipt and notice of the December 11, 2013 trial date. The Defendants, on their own, decided to avoid and/or fail to appear for trial. The filing of the seventh Motion to Dismiss on December 10, 2013 did not excuse Defendants' appearance on December 11, 2013, when this Court reviewed and disposed of the motion on the record before proceeding to trial. The Defendants have failed to meet the legal standard to allow for opening or striking the judgment entered against them. Based upon the foregoing, Defendants' Petition to Open/Strike Judgment was properly denied.

BY THE COURT:

CHRISTINE FIZZANO CANNON, J.

OFFICE OF
JUDICIAL SUPPORT
DELAWARE CO. PA
2014 AUG -5 AM 9:59

FILED JM

9