J-S10012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JAMES MOLL | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| REINHART AND RUSK, INC., SHAWNEE MOUNTAIN, INC., SHAWNEE MOUNTAIN SKI AREA, SKI SHAWNEE, INC., WATERSHED REALTY, LLC | |
| Appellees | No. 1762 EDA 2015 |

Appeal from the Order Entered May 11, 2015
In the Court of Common Pleas of Monroe County
Civil Division at No(s): 7284-CV-12

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED JANUARY 15, 2016**

Appellant, James Moll, appeals from the order entered in the Monroe County Court of Common Pleas, which dismissed his complaint against Appellees Reinhart and Rusk, Inc. ("R&R"), Shawnee Mountain, Inc., Shawnee Mountain Ski Area, Ski Shawnee, Inc., and Watershed Realty, LLC (collectively, "Shawnee Appellees"), for failure to prosecute as to all Appellees, as well as on statute of limitations grounds as to R&R.  We affirm.

In its opinions, the trial court fully sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.  We add only that the court granted Appellees' motion to dismiss on May 11, 2015.  On June 9, 2015, Appellant timely filed a notice of appeal.

_____

*Retired Senior Judge assigned to the Superior Court.

The next day, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Appellant timely filed on June 30, 2015.

Appellant raises one issue for our review:

> WHETHER THE TRIAL COURT ERRED IN GRANTING [APPELLEES' MOTION] TO DISMISS?

(Appellant's Brief at 2).

"The question of granting a *non pros* due to the failure of the plaintiff to prosecute his action within a reasonable time rests within the discretion of the trial court and will not be disturbed absent an abuse of discretion." *Jacobs v. Halloran*, 551 Pa. 350, 354, 710 A.2d 1098, 1101 (1998). Additionally, "[a]bsent issues pertaining to the discovery rule, whether the statute of limitations has run on a claim is generally a question of law for the trial judge." *Wilson v. Transport Ins. Co.*, 889 A.2d 563, 570 (Pa.Super. 2005) (internal citation and quotation marks omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinions of the Honorable David J. Williamson, we conclude Appellant's issue merits no relief. The trial court's opinions comprehensively discuss and properly dispose of the question presented. (*See* Trial Court Opinion, filed July 6, 2015, at 1; Opinion in Support of Order Dismissing Complaint, filed May 11, 2015, at 2-8) (finding: Appellant took no action between filing *praecipe* for writ of summons on August 30, 2012 (day before statute of limitations expired) and service of

- 2 -

writ on R&R on January 28, 2014; as well, no docket activity took place between service of writ on R&R on January 28, 2014, and when Appellant filed complaint on June 26, 2014; Appellant did not file complaint for almost four years after accident; such lengthy period of inactivity shows lack of due diligence by Appellant to proceed with reasonable promptness; Appellant failed to excuse delay in service on R&R; Appellant knew name of only eyewitness to alleged fall; eyewitness died in motorcycle accident on June 16, 2014; Appellant offered nothing to support his general claim that extent of his injuries were still unknown after filing writ; moreover, that claim did not excuse Appellant's lack of due diligence in prosecuting case; other than Appellant, there was only one eyewitness to fall, who is now deceased; Appellant advanced no compelling reason for his failure to serve R&R in timely manner; R&R was located at same office since 1998, and Appellant knew physical location and actually worked out of that office before and after accident; Appellant knew how to contact R&R to obtain correct address for service of process; Appellant failed to take reasonable actions to confirm correct address for service on R&R and made no effort to effectuate personal service after initial attempt at service had failed; further, all Appellees have suffered actual prejudice, where only known witness to Appellant's fall is now deceased; eyewitness might have confirmed how fall occurred and offered insight into Appellant's potential negligence and/or assumption of risk; parties had no opportunity to depose eyewitness because he died ten

days before Appellant filed complaint; additionally, with respect to R&R's assertion in new matter that two-year statute of limitations has expired,[1] record shows Appellant filed his writ on August 30, 2012, one day before original statute of limitations expired; Appellant did not serve R&R until seventeen months later on January 28, 2014, which was forty-one months after date of accident; Appellant made insufficient good faith efforts to serve R&R, to extend statute of limitations; Appellant gave no reason why he was unable to obtain correct address for service on R&R; Appellant could have contacted R&R, asked postal authorities, examined telephone directories, local tax records, *etc.*; thus, court properly dismissed action against Shawnee Appellees for failure to prosecute, and dismissed action against R&R for failure to prosecute and on statute of limitations grounds). Accordingly, we affirm on the basis of the trial court's opinions.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/15/2016

---

[1] **See** 42 Pa.C.S.A. § 5524 (explaining statute of limitations for negligence actions is two years).

- 4 -

## COURT OF COMMON PLEAS OF MONROE COUNTY
## FORTY-THIRD JUDICIAL DISTRICT
## COMMONWEALTH OF PENNSYLVANIA

JAMES MOLL,                 :   **NO. 7284 CIVIL 2012**

        **Plaintiff**         :

       **vs.**                :

**REINHART AND RUSK, INC.,**     :
**SHAWNEE MOUNTAIN, INC.,**     :
**SHAWNEE MOUNTAIN SKI AREA,**   :
**SKI SHAWNEE, INC.,**            :
**WATERSHED REALTY, LLC,**      :

       **Defendants**      :   **PA.R.A.P. 1925(a)**

*2015 JUL 6 PM 2 01 — MONROE COUNTY, PA — PROTHONOTARY*

## STATEMENT PURSUANT TO PA. R.A.P. 1925(a)

AND NOW, this 6ᵗʰ day of July, 2015, after a review of Appellant's

Concise Statement of Matters Complained of on Appeal, we determine that the Court has

adequately addressed these issues in its Opinion with accompanying Order dated May 11, 2015.

Therefore, nothing remains to be determined at this time.

                             **BY THE COURT:**

                             _____
                             **DAVID J. WILLIAMSON, J.**

cc:     Joshua D. Fulmer, Esq.
        Joseph S. Wiesmeth, Esq.
        Hugh M. Emory, Esq.



8

COURT OF COMMON PLEAS OF MONROE COUNTY
FORTY-THIRD JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA

JAMES MOLL,                                    : NO. 7284 CIVIL 2012
                                               :
                Plaintiff                      :
                                               :
        vs.                                    :
                                               :
REINHART AND RUSK, INC.,                       :
SHAWNEE MOUNTAIN, INC.,                        :
SHAWNEE MOUNTAIN SKI AREA,                     :
SKI SHAWNEE, INC.,                             :
WATERSHED REALTY, LLC,                         :
                                               : DEFENDANTS'
                Defendants                     : MOTION TO DISMISS

## OPINION

This matter is before the Court on a Motion of Defendants, Shawnee Mountain,

Inc., Shawnee Mountain Ski Area, Inc., Ski Shawnee, Inc. and Watershed Realty, LLC

("Shawnee Defendants") to Dismiss for Lack of Prosecution. Defendant Reinhart and Rusk, Inc.

("R & R") concurred and joined in the Motion to Dismiss. Plaintiff filed a Reply to the Motion

and an evidentiary hearing was held on April 1, 2015.

## FACTUAL BACKGROUND

Plaintiff, James Moll, was injured in an alleged fall from a workplace ladder on

August 31, 2010. At the time, Plaintiff was acting as an independent contractor for Defendant

R & R. Specifically, Plaintiff was performing carpentry work and general construction labor



with other similar independent contractors, subcontracted by Defendant R & R. At the time of the accident, Plaintiff was working on a ski lodge located at Shawnee Mountain, owned or managed by the Shawnee Defendants.

Plaintiff also periodically worked out of R & R's offices on Route 209, Hamilton Township, Pennsylvania as a salesperson for R & R, both before and after the accident. He was also employed as an independent contractor in that regard.

In August, 2012, Plaintiff filed a Writ of Summons and timely served the Shawnee Defendants. Plaintiff did not immediately serve R & R, and in fact did not make service until January 2014. A Complaint was later filed on June 26, 2014. A witness to the accident, James Buchman, died June 16, 2014, prior to service of the Complaint. Shawnee Defendants and R & R both alleged that they are prejudiced by the delay of the Plaintiff to prosecute, in light of Mr. Buchman's death.

## DISCUSSION

SHAWNEE DEFENDANTS:

Shawnee Defendants' motion to dismiss for lack of prosecution is governed by Jacobs v. Halloran, 710 A.2d 1098 (Pa. 1998). The Court in Jacobs required the following for dismissal for lack of prosecution:

> 1. A lack of due diligence by plaintiff in failing to proceed with reasonable promptness;
>
> 2. There is no compelling reason for the delay;
>
> 3. The delay caused actual prejudice to the defendant. Id. at 1103.

The Court in Stephens v. Messick, 799 A.2d 793 (Pa. Super. 2002) set forth that a judgment non pros is appropriate where there was lack of due diligence, no compelling reason

2

for the delay, and prejudice was caused by the death or unexplained absence of a material witness. Here, the issue falls squarely within the standard set by Jacobs and reiterated in Stephens. Plaintiff took no action in the matter between filing of the Praecipe for Writ of Summons on August 30, 2012, the day before the deadline under the statute of limitations, and service of the Writ on R & R on January 28, 2014. There was no docket activity between filing of the return of service of the Writ on the Shawnee Defendants, and filing of the return of service on R & R, a period of over fourteen (14) months. There was again no docket activity between January 28, 2014 and June 26, 2014 when Plaintiff filed his Complaint. The Plaintiff did not file a complaint for almost four (4) years after the accident. We find such a lengthy period of inactivity shows a lack of due diligence on the part of the Plaintiff to proceed with reasonable promptness.

Further evidence of Plaintiff's lack of due diligence coincides with the evidence of his lack of a compelling reason for the delay. Plaintiff asserted the delay was caused by his attempts to locate and serve R & R, and to investigate the identity of individual actors involved. He was also still treating for his injuries and not able to file a complaint that articulated the exact nature of his injuries. This was not supported by the evidence at the hearing. Plaintiff knew the "Jamie" who witnessed the incident was James Buchman, who died on June 16, 2014. Plaintiff offered no testimony in support of his general claim that the extent of his injuries were still unknown after filing issuance of the Writ. Even if he had articulated this problem at hearing, it is not an excuse for lack of due diligence in proceeding to prosecute this case.

Plaintiff also failed to offer any testimony of the unknown evidence or witnesses. In fact, testimony showed that the only known individual to have witnessed the incident, in addition to the Plaintiff, was James Buchman, who is now deceased. The testimony further

3

showed that Plaintiff knew who else was on the job site that day, being James Buchman, Billy Baker, Frank Deutsch and Fred Demaio. This does not evidence due diligence in moving the case along, nor a compelling reason for the delay.

Plaintiff also asserts that failure to serve R & R was the biggest impediment to moving this case along. However, the testimony does not support that assertion either. While Plaintiff and Plaintiff's counsel may not have communicated well regarding the service issue, there was no reason for Plaintiff to fail to serve R & R timely. Todd Rusk of R & R testified credibly that R & R was located at the same office on Route 209 in Hamilton Township, Monroe County since 1998; that Plaintiff knew the location of the office and actually worked out of that office as a sales person both before and after the accident; that a sign existed at R & R's business visible from both directions of Route 209; that the address and telephone number were listed in the telephone book and on the R & R website; that the location of the office never changed between 1998 and the date of the hearing; that Plaintiff came to the R & R office several times after the Writ was issued; and that the mailing address changed at some point from R.D. 2 Box 2389-A Stroudsburg, PA 18360, to 6168 Route 209 Stroudsburg, PA 18360 for purposes of "911" emergency purposes re-addressing. These facts alone support the conclusion that Plaintiff knew how and where to contact and serve R & R, but failed to do so in a reasonable period of time.

The return of Sheriff's service notes one attempt at the address provided by the Plaintiff of R.D. 2 Box 2389-A Stroudsburg, PA 18360. The Sheriff's return of October 5, 2012 merely indicates no service at that address, as "No longer at listed Address. No Other Info." The testimony shows R & R was at the location, and presumably the Sheriff did not go there because

4

the address no longer existed under the "911" re-addressing. However, it is clear the R & R office was still at the same physical location known to the Plaintiff.

The Plaintiff testified his counsel called to confirm the address after the failed attempt at service. Even though Plaintiff knew the location of the office, he did not volunteer to give directions to the office. It is unknown why Plaintiff and counsel failed to do more follow-up. A simple phone call to the R & R offices, or a visual check by the Plaintiff would have confirmed the R & R office was still open and in the same location. That would have been diligent and ensured reasonable promptness to proceed with service. Instead, nothing was done for fourteen (14) months. There were no further efforts of service showing on the docket, not even a request to re-issue the Writ until January 2014. There was no testimony of checking public records, or other sources for the address. The testimony supported no compelling reason for the delay.

The Shawnee Defendants (and R & R) have also suffered actual prejudice due to the delay. According to Todd Rusk, who we found credible, the only known witness to see Plaintiff's fall, was Jamie Buchman, who died on June 16, 2014, ten (10) days before the Plaintiff filed the Complaint. Mr. Rusk testified that neither Mr. Baker, nor anyone else saw the accident. Mr. Rusk also testified that he believed the ladder used by Plaintiff at the time he fell off and sustained the injuries subject to this claim, was owned by Mr. Buchman. Mr. Rusk further testified that Mr. Buchman could have confirmed how the fall occurred, and offered his opinion regarding Plaintiff's own negligence and/or assumption of risk. However, Mr. Buchman has since died and is unavailable to testify. There was no opportunity to obtain Mr. Buchman's deposition due to the delay in service and filing of the Complaint. The only testimony as to how the fall occurred would be by the Plaintiff. Defendants would have had an opportunity to present

5

Mr. Buchman as a witness who could possibly rebut the Plaintiff's testimony, but can no longer do so. This is the same prejudice the Stephens court addressed. Mr. Buchman was a material witness who has died, with no opportunity presented to preserve his testimony sooner. This prejudice clearly extends to both Shawnee Defendants and to R & R.

Even if we find Plaintiff credible in his assertion that the ladder was owned by the Shawnee Defendants, and that James Buchman set up the ladder from which Plaintiff fell, these facts do not change the prejudice to the Defendants by the delay in this matter. Plaintiff clearly identified James Buchman as the "Jamie" who witnessed the fall and set up the ladder. Plaintiff does not know if anyone else observed the fall; but, he knows James Buchman did. Lack of opportunity to present Mr. Buchman to a jury is prejudicial to the Defendants, simply by being an unavailable eyewitness. His testimony, regardless of what it would have been, is forever lost due to Plaintiff's delay. That is unfair to the Defendants and prejudices their case. Therefore, Shawnee Defendants' Motion to Dismiss will be granted.

Defendant R & R:

We find for the same reasons asserted above that this matter should also be dismissed as to R & R. We further find that this matter should be dismissed as to R & R as the action is outside the applicable period of the statute of limitations. A statute of limitations defense is properly raised in an Answer and New Matter. R & R has raised it in their New Matter.

The Writ was issued on August 30, 2012, the day before the deadline of the applicable statute of limitations. R & R was not served until seventeen (17) months later on January 28, 2014, which was forty-one (41) months after the date of the accident. A plaintiff must effectuate notice of the commencement of an action with good faith efforts to do so in order

6

to extend the statute of limitations period while service is attempted. See <u>Farinacci v. Beaver County Indus. Devl Auth.</u>, 510 Pa. 589, 511 A.2d 757 (1986); <u>Lamp v. Hayman,</u> 469 Pa. 465, 366 A.2d 882 (1976).

We find the delay in service in this case was well beyond the statute of limitations period and that the Plaintiff did not make good faith efforts to serve R & R. Plaintiff made one (1) attempt to serve at the mailing address of R & R that Plaintiff knew. Unfortunately, the Sheriff did not make service, presumably due to the re-addressing of the "911" procedures that were going on County-wide at that time. There was no other evidence on the docket of other attempts prior to service on January 28, 2014 at 6168 Route 209, Stroudsburg, PA 18360. This was the same physical location of R & R since 1998. There was a sign for R & R visible from both directions of Route 209 at all times. A phone number was listed for R & R in the telephone directory and on their website. Plaintiff worked out of the R & R office both prior to and after the accident. Plaintiff knew the physical location of R & R at the time of the issuance of the Writ. He has been there again just prior to issuance of the Writ.

There was no evidence presented that Plaintiff went to the office, and it was no longer at the same physical location. We are only left to speculate why Plaintiff and Plaintiff's counsel failed to communicate clearly as to their efforts at service and Plaintiff's obvious knowledge of where R & R's office was located. The change of address by the "911" re-addressing did not change the physical location of the office. Plaintiff could have driven to the office with the Sheriff for service, he could have provided directions to his counsel, and counsel could have asked him for directions. There was no proof of inquiries made to the postal authorities, relatives, neighbors or friends, nor did Plaintiff contact Todd Rusk for an address, nor provide proof of any examination of telephone directories, local tax records, or anything else.

7

Such a search must be more than a mere paper search. See <u>City of Philadelphia Water Revenue Bureau v. Towanda Properties Inc.</u>, 976 A.2d 1244 (Pa. Cmwlth. 2009). Here, there was no good faith effort to locate R & R for service as required by <u>City of Philadelphia</u>. (A case that was also cited by the Plaintiff in their brief). The most compelling proof of the lack of a good faith effort is Plaintiff's long-time knowledge of R & R's location and the fact that he worked out of those offices and was in the office within a short period before the Writ was issued. Plaintiff did not timely serve R & R after the statute of limitations had expired, and provided no good faith efforts to effect service during that time. As such, the matter is also dismissed as to R & R for failure to comply with the applicable two (2) year statute of limitations period. The matter is also dismissed for lack of prosecution.

## COURT OF COMMON PLEAS OF MONROE COUNTY
## FORTY-THIRD JUDICIAL DISTRICT
## COMMONWEALTH OF PENNSYLVANIA

JAMES MOLL,

            Plaintiff

        vs.

REINHART AND RUSK, INC.,
SHAWNEE MOUNTAIN, INC.,
SHAWNEE MOUNTAIN SKI AREA,
SKI SHAWNEE, INC.,
WATERSHED REALTY, LLC,

            Defendants

: NO. 7284 CIVIL 2012
:
:
:
:
:
:
:
:
:
:
:
:
:
: DEFENDANTS'
: MOTION TO DISMISS

## O R D E R

AND NOW, this 11th day of May, 2015, the Motions of all Defendants to

Dismiss for Lack of Prosecution, and the additional Motion of Reinhart and Rusk, Inc. to

Dismiss due to the statute of limitations are GRANTED. This case is DISMISSED as to all

named Defendants.

BY THE COURT:

_____
DAVID J. WILLIAMSON, J.

cc:   Joshua D. Fulmer, Esquire
      Joseph S. Wiesmeth, Esquire ∨
      Hugh M. Emory, Esquire

DJW2015-048 Moll v Reinhart 7284 CV 2012.docx

9